1836.

Dows
v.
McMichael.

---

## Dows and others *vs.* McMichael.

Where the complainants brought a suit against the defendant and B. & N. in the supreme court, as the makers of a note given by a copartnership firm, and the defendant and B. & N. pleaded in abatement the non-joinder of D. & D., two other persons who were alleged to be partners, upon which plea issue was joined and a verdict and judgment was rendered against the defendant and B. & N. thereon ; and upon a creditor's bill filed in this court against the defendant alone he put in a plea which, among other things, averred that D. & D. were partners in the firm, and were jointly holden as makers of the note with the defendant and B. & N.; *Held* that the record of the judgment in the supreme court was conclusive evidence in favor of the complainants, in opposition to this averment in the defendant's plea in this court.

No repleader is awarded in the court of chancery upon an immaterial issue. And if the truth of the several allegations contained in the plea are established by the proofs upon an issue joined on such plea, the bill must be dismissed ; as the court, in that stage of the proceedings, does not inquire as to the validity of the matters pleaded as a defence to the suit. But if the defendant fails in proving the truth of his plea, it must be overruled as false; and the complainant will then be entitled to a decree according to the case as made by his bill.

Where a plea to a bill in chancery contains several distinct averments or allegations of fact, all the allegations must be supported by the proofs, or the plea will be overruled as false.

To render a judgment conclusive in a new suit in relation to the same matter, it is requisite that the former suit should have been between the parties to the last suit or their privies; but it is not essential that all the parties in the first suit should be parties in the last.

Where the forms of pleading are such that a party has no opportunity to plead a former judgment or decree in another suit as an estoppel, the record of the decision in the former suit may be given in evidence, as conclusive of the fact adjudicated and decided in such former suit.

August 22.

THIS was an appeal from a decree of the vice chancellor of the third circuit. The complainants were the holders and owners of a promissory note against the defendant and others, who were copartners under the name or firm of Bradley, Nichols & Co. The note was made payable to Douglass & Dunn, and was endorsed by them; and not being paid when it fell due, they were regularly charged as the endorsers thereof. The complainants afterwards brought a suit upon the note, in the supreme court, against the defendant, and against L. Bradley and B. R. Nichols, as the partners composing the firm of Bradley, Nichols & Co., in which suit a judgment was rendered in favor of the plaintiffs, and an execution was afterwards issued thereon, and was returned unsatisfied. Bradley & Nichols having become insolvent and being destitute of property, the complainants filed their bill in this cause against the defendant, McMichael, alone, to obtain satisfaction of their judgment out of his property which could not be reached by their execution at law. The defendant McMichael pleaded in bar of the suit, that J. B. Douglass and J. Dunn were copartners in the firm of Bradley, Nichols & Co. at the time the debt was contracted and the note given, upon which the judgment in the supreme court was recovered; that Dunn afterwards died; that before the return of the execution on the judgment, Douglass paid and satisfied the judgment to the complainants; that this suit was prosecuted for the benefit of Douglass, and that the complainant had no legal, equitable or beneficial interest therein; and that in paying the judgment, Douglass had not paid more than his proper proportion of the debts due from the firm of Bradley, Nichols & Co. at the time he so paid and satisfied the same. The complainants took issue upon the plea, and witnesses were

examined on both sides as to the truth thereof. Among others, Bradley and Nichols were examined as witnesses for the defendant, although objected to by the complainants as incompetent. Upon the hearing of the cause a motion was made by the complainants' counsel to suppress their depositions, but no order was entered upon such motion. The complainants gave in evidence the record of the judgment in the supreme court, from which it appeared that McMichael and Bradley & Nichols, the defendants in that suit, pleaded in abatement the non-joinder of Douglass & Dunn, averring that the promises upon which the suit was brought were made by the defendants jointly with Douglass & Dunn, and not by the defendants alone as stated in the declaration; that the plaintiffs took issue on that plea, and that upon the trial thereof a verdict was found for the plaintiffs, and the judgment was entered upon that verdict. The complainants, therefore, insisted that the judgment was conclusive evidence, in this suit, that Douglass & Dunn were not copartners in the firm and jointly liable with the other defendants on the note. The vice chancellor decreed a dismissal of the complainants' bill with costs; from which decision they appealed to the chancellor.

*Ira Harris*, for the appellants. The matters contained in the plea were set up by the defendant as a defence to the suit at law, in which the judgment in the supreme court was recovered. They were put directly in issue in that suit and were decided against the defendant and are therefore *res adjudicata.* (*Hawley* v. *Mancius*, 7 *John. Ch. Rep.* 182.) In this case both parties were parties to the suit at law; therefore this court will not inquire into the truth of facts which have been adjudicated upon by another court of competent jurisdiction. (10 *Wendell*, 82.)

Bradley and Nichols are interested witnesses. The judgment upon which the bill in this cause was filed is against them as joint debtors with the defendant, and in case this plea is established it goes to discharge them from the judgment. Bradley & Nichols are interested also in making Douglass & Dunn contribute to the payment of the judgment, and there-

1836.

Dows
v.
McMichael.

by to diminish their share of the contribution. (16 *John. R.* 93.) Without their testimony, there is not sufficient evidence of a copartnership between Douglass & Dunn and Bradley, Nichols & Co.

But the testimony of Bradley & Nichols does not establish the copartnership when taken in connection with the other facts and evidence contradicting or explaining it. There is no proof that Van Santvoord was a copartner. Admitting the copartnership to be established as alleged in the plea, there is no proof to sustain the allegation that the complainants have no legal, equitable or beneficial interest in the judgment. Neither is there any proof to sustain the allegation that Douglass, in paying this debt, has paid no more than his proportion of the debts of the copartnership. Without this averment the plea would have been insufficient. (2 *John. Ch. Rep.* 397.) The entire plea must be proved. The defendant cannot say that any allegation is immaterial. And if there is a failure in the proof of any one part of the plea, the whole must be overruled.

*A. C. Paige*, for the respondent. Bradley and Nichols were competent witnesses for the defendant to prove not only the payment of the judgment by Douglass, but also that Douglass & Dunn were partners in the firm of Bradley, Nichols & Co. Bradley and Nichols will not be gainers or losers by the event of this suit; and the decree cannot be given in evidence, either for or against them, in another suit. Douglass & Dunn not being parties to this suit, will not be concluded by the decree; and the decree cannot therefore be evidence either for or against Bradley and Nichols, in a suit between them and Douglass & Dunn. The interest of Bradley and Nichols is equally balanced. If they discharge themselves from the debt to the complainant, they make themselves liable to Douglass & Dunn; if the decree should be against the defendant, he can compel them to contribute. In the case of *Marquand* v. *Webb*, (16 *John. R.* 93,) the witness was interested, because the defendant sought to be made liable, as part owner of the vessel, being a party to the record would have been concluded by it. Not so as to Douglass &

Dunn. (3 *John. Cas.* 82. 10 *John. Rep.* 21. 5 *Cowen,* 153. 1 *Paige's Rep.* 18. *Ridley* v. *Taylor,* 13 *East,* 175. 3 *John. Rep.* 420. 1 *Paige's Rep.* 35. 4 *John. Rep.* 126.) The judgment in the supreme court estops Bradley and Nichols from denying that Douglass & Dunn are not partners. A decree, therefore, in favor of the defendant, will not benefit them; they will still be liable to execution upon that judgment. At all events, Bradley and Nichols are competent witnesses to prove the payment of the judgment by Douglass & Dunn.

The trial and judgment in the supreme court is not put in issue by the pleadings. The record of the judgment, therefore, is not proper evidence for the complainant. The complainant should have amended his bill, by setting up this trial and judgment. (*See Mitf. Pl.* 324, 5, 331 ; 4 *Paige's Rep.* 75 ; 2 *id.* 61.) But the fact in issue in the supreme court was only as to the partnership, not as to the payment of the debt by Douglass & Dunn. If the complainants' judgment has been paid by Douglass & Dunn, the complainants have no interest in this suit. The beneficial owners of the judgment should have been made complainants. (2 *John. Ch.* 238. 3 *John. Rep.* 543. 1 *Paige's Rep.* 20.)

The plea is substantially proved. The allegation in the plea that Douglass & Dunn only paid their proportion of the partnership debts was an immaterial averment; it was not necessary to prove it. A plea may be good in part and bad in part. (5 *John. Ch. Rep.* 555. 20 *John. Rep.* 668. 4 *Mitf. Pl.* 295, 4th ed. 1 *Chit. Pl.* 376, 303 *to* 308. 2 *John. Ch.* 369.) The testimony was sufficient without the evidence of Bradley and Nichols to show that Douglass & Dunn were partners in the firm of Bradley, Nichols & Co. ; and the evidence is also sufficient without the testimony of Bradley and Nichols, to establish the payment of the judgment by Douglass & Dunn.

THE CHANCELLOR. From the view I have taken of this case, it is not material that I should consider the question whether Bradley and Nichols, two of the defendants in the judgment upon which this suit is brought, were competent

witnesses for McMichael, to prove that Douglass & Dunn were members of the firm, and jointly liable with him and them for the payment of the complainants' debt. Upon the hearing before the vice chancellor, the question for consideration was as to the truth of the several allegations in the defendant's plea; and if the truth of every distinct allegation in the plea was not established by the proofs, or if the record of the judgment in the supreme court was conclusive evidence against the defendant as to any matter put in issue by the replication, the plea should have been overruled as false.

No repleader is awarded in this court, upon an immaterial issue joined upon a plea. The court, therefore, never inquires as to the materiality of the allegations contained in the plea in such a case. If the truth of the plea is established by the proofs, the complainant's bill must be dismissed, although the matters stated in the plea contain, in fact, no valid defence to the suit. On the other hand, if the defendant fails in proving the truth of his plea upon the hearing, the plea must be overruled as false; and the complainant will be entitled to a decree according to his case as stated in the bill.

In the case under consideration, the plea contained three distinct allegations, for the purpose of showing that there was no equitable claim against the defendant in this suit, to wit; that Douglass & Dunn were members of the firm of Bradley, Nichols & Co. at the time the note was given, and were jointly liable with the defendants in the suit in the supreme court, for the payment thereof as a copartnership debt; that the judgment had been fully paid and satisfied by Douglass before the return of the execution issued thereon, and that this suit was prosecuted for the sole benefit of Douglass, the complainants having no legal or beneficial interest therein; and that the amount so paid by Douglass was no more than his proportion of the debts due from the firm at the time of such payment.

As to the first allegation, if the testimony of Bradley and Nichols is to be received and credited, it would probably be sufficient to establish the fact that Douglass & Dunn had

such an interest in the firm of Bradley, Nichols & Co. as to render them liable to third persons for the debts of that firm. But, even from that testimony, it is extremely doubtful whether their interest was such as to make them liable, as between themselves and McMichael, Bradley & Nichols, to contribute towards the payment of the copartnership debts. The record of the judgment in the supreme court, however, which was read by the complainants upon the hearing, is conclusive evidence of the falsity of this allegation in the plea. The same allegation having been put in issue between these parties in the supreme court, and the question of fact having been decided against the defendant in that suit, he is estopped from again alleging the same matter in bar of this suit to enforce the collection of that judgment, or in any other suit between him and the complainants. As special replications are not allowed in this court, the complainants had no opportunity of pleading the decision of the same question in the former suit, as an estoppel. And the rule of law on this subject is, that where the party cannot plead the former decision as an estoppel, the record thereof may be given in evidence, and is conclusive and binding upon the party, the court and the jury, as to every fact adjudicated and finally decided in the former suit. (*Wright* v. *Butler*, 6 *Wend. Rep.* 284.) The record in this case is not given in evidence for the purpose of establishing the fact of the recovery in the former suit, which was not put in issue by the replication. But the decision of the same question in a former suit against the defendant is given in evidence for the purpose of establishing, conclusively, that the allegation in the defendant's plea in this suit cannot be true. And it is in this way that the record of a former decision is always introduced as evidence in those cases where it cannot be pleaded as an estoppel. It was, therefore, evidence pertinent to the issue in the present case. To make a former judgment conclusive between the parties in another suit in relation to the same matter, it is necessary that the former suit should have been between the same parties. But the fact that there were other defendants in the former suit, who are also bound by the decision and

1836.

Dows
v.
McMichael.

estopped from controverting the same fact with these complainants a second time, does not render the former decision any less conclusive against the present defendant. The record in the former suit has therofore falsified this allegation in the plea in bar in the present case.

I think the defendant has also failed in establishing the fact alleged in the plea, that the judgment had been paid by Douglass before the return of the execution, and that the complainants had no legal or beneficial interest in the suit. As Douglass & Dunn were endorsers on the note, they were liable to the complainants for the payment; and Douglass has probably secured the payment of the debt if it cannot be collected of the defendant in this suit. Such a state of facts would be perfectly consistent with the declaration of Dows, which the defendant has given in evidence, and also consistent with the oath of Dows to the bill, in which he swears positively that the whole amount of the judgment, with the interest thereon, remains unpaid. To establish this part of the plea the defendant was bound to prove that Douglass had paid the whole amount as a payment on the judgment; and not merely that he had secured the amount for which he was liable as the endorser of the note. For if the complainants have not relinquished their claim upon the defendant upon the judgment, they have both a legal and beneficial interest in this suit, although their principal object in prosecuting the suit may be to benefit the endorser. The plea is therefore falsified in this respect also.

There was no evidence whatever introduced on the part of the defendant, to establish the allegation that in paying the judgment Douglass had paid no more than his share of the debts of the firm. On the contrary, even if Douglass & Dunn were partners, I think the testimony of Williams as to the settlement made with the other partners at the time of their dissolution, shows that the latter assumed the payment of the debts, and that there was a balance due to Douglass & Dunn for which a note was given at that time. If that was the case, Douglass' share of the debts due from the firm was nothing at the time of the recovery

of this judgment; and McMichael, Bradley and Nichols are in equity bound to pay the whole of this debt to the complainants.

The defendant having wholly failed to establish the truth of the several allegations in his plea, the decree of the vice chancellor was erroneous, and must be reversed with costs. And a decree must be entered for the complainants, overruling the plea as false; declaring the right of the complainants to have satisfaction of their judgment, with interest thereon from the time it was entered, together with the costs of this suit, out of the property, effects and choses in action of the defendant; and with such other provisions as were directed to be inserted in the decree when this cause was originally before the chancellor, when no testimony had been adduced in support of the plea. (*See* 2 *Paige's Rep.* 345.)