### Sperry *vs*. Miller and Miller.

A defendant in a bill of discovery, in aid of an action at law for the recovery of a debt, cannot plead payment of the debt, before the commencement of the action at law, in bar of the discovery sought by the complainant's bill. For that would transfer the trial of the action at law to the court of chancery; and that too without the power of deciding the case here, if the plea turned out to be untrue.

Where a bill is defective on its face, in consequence of the statement of facts which show that the claim of the complainant cannot be sustained, it is improper for the defendant to plead those facts in bar of the discovery or relief sought.

When the bill shows that the complainant has no right to an answer, for any purpose, the proper course for the defendant is to demur; instead of pleading a new fact in bar. For, upon the argument of a plea, either as to the discovery or the relief sought by the complainant's bill, the defendant cannot sustain his plea, in the court of chancery, by showing that the bill itself would have been bad upon demurrer.

In an action at law upon a joint contract, against two defendants, the plaintiff must succeed as to both, or neither of them; unless one of them sets up a matter of discharge which is personal to himself alone.

THIS was an appeal from an order of the vice chancellor of the eighth circuit, overruling the plea of Henry Miller, one of the defendants, to the complainant's bill. The complainant brought an action of assumpsit against the defendants for a half year's rent alleged to be due upon a lease for five years, not under seal, from the complainant to the defendant Samuel Miller. The lease purported to have been signed by S. Miller as the lessee, and by H. Miller as security. The rent was $130 a year, in semi-annual payments, but the first half year's rent was not payable until the end of the year, and the other payments were to be made every six months thereafter; so that the half yearly payments of rent were not in fact to be made until six months after the expiration of the half year of the term for which such semi-annual rent accrued, from time to time. On the second of April, 1846, S. Miller agreed to surrender the residue of the term; six months' rent then being due and payable for the half year of the term which expired on the first of October, 1845, and six months' rent having then accrued subsequent to the first of the preceding October; but which, by the terms of the lease, was not to become payable until the first of October thereafter. Before the last mentioned half year's rent had become payable, the action at law was commenced for the recovery of the half year's rent which accrued previous to the first of October, 1845, and which became payable on the first of April thereafter. The defendants appeared and pleaded the general issue, and the complainant, not being able to prove the execution of the lease by the defendant H. Miller, filed his bill in this cause to obtain a discovery of that fact from the defendants. The bill, which was filed subsequent to October, 1846, set forth this fact; and also stated that the complainant was about to commence another action at law for the recovery of the half year's rent which accrued between the first of October, 1845, and the first of April, 1846, and which had then become due and payable according to the terms of the lease.

To this bill the defendant H. Miller pleaded, in bar of the discovery sought, that the rent which became payable on the

Sperry *v.* Miller.

first of April, 1846, was paid before the bringing of the action at law, for the recovery thereof, and that before any other instalment of rent became due the complainant and the defendant S. Miller entered into the agreement of the second of April, 1846, set forth in the bill, by which the latter surrendered the residue of the term which had not then expired.

The vice chancellor decided that a defendant, in a bill of discovery in aid of an action at law for the recovery of a debt, could not plead payment of the debt before the commencement of the action at law, in bar of the discovery sought by the complainant's bill; as that would transfer the trial of the action at law to the court of chancery. He therefore overruled the plea on that ground; without examining other grounds of objection to the same.

*N. Paine*, for the appellant.

*M. S. Newton*, for the respondent.

THE CHANCELLOR. The plea is defective in form; as it sets up, as a part of the matters of fact which are pleaded in bar to the discovery sought by the bill, the same matters which are stated in the bill itself. The allegation that the six months' rent which accrued up to the first of April, 1846, and for which the complainant says he intends to bring an action, had not become due at the time S. Miller surrendered the residue of the term, on the second of April in that year, distinctly appears upon the face of the bill itself. If the payment of the rent for which an action had already been brought, therefore, was a valid bar to the discovery sought, and the surrender of the term was a discharge for the rent which had accrued for the next six months, but which had not become payable at the time of such surrender, the payment of the rent for which the action mentioned in the bill had already been brought, should alone have been pleaded in bar of the discovery. For if a bill is defective on its face, in consequence of the statement of facts

Sperry *v.* Miller.

which show that the claim of the complainant cannot be sustained, it is improper to plead those facts in bar.

When the bill shows that the complainant has no right to an answer for any purpose, the proper course for the defendant is to demur; instead of pleading new matters in bar. For upon the argument of a plea to a bill, either as to the discovery or the relief sought by the complainant, the defendant cannot sustain his plea, in this court, by showing that the bill itself would have been bad upon demurrer. (*Cozine* v. *Graham,* 2 *Paige,* 177.) The vice chancellor, therefore, if the plea of payment was not a bar to the discovery for any of the purposes for which it was sought by the bill, very properly declined to give an opinion upon the construction of the lease set out in the bill; and the liability of the defendant, Henry Miller, thereon as surety, notwithstanding the surrender of the lease for the residue of the term.

Upon the question, whether the payment of the rent, for which the action at law was brought, could be pleaded in bar to the discovery sought in aid of that action, I have not been able to find any decision, either in this state or in the courts of our sister states. But in the English court of chancery, more than sixty years since, Lord Thurlow decided that such a plea to a bill of discovery could not be sustained. (*Hindman* v. *Taylor,* 2 *Bro. C. C.* 7. 2 *Dick. Rep.* 651, *S. C.*) His decision in that case is entitled to the more weight because his first decision, that the plea was bad, was affirmed by him upon a re-hearing. And his lordship also stated that he had consulted with the master of the rolls, Lord Kenyon, and with several of the judges, on the subject; and was confirmed in his opinion that the allowing of the plea would be trying the bar, which was most proper to be tried at law. It is true, Mr. Beames questions the correctness of this decision; but it is upon his own authority merely. And it is referred to in a very recent and excellent English work on equity pleading, as an existing rule of pleading in England at this time. ( *Welf. Eq. Plead.* 135,) It appears to be founded upon the principle that the existence of the indebtedness is the very matter to be tried, as

a matter of fact, in the action at law; and that the defendant cannot draw the trial of the same fact into this court to be litigated, by pleading it in bar of a discovery of facts to show the indebtedness, to be used upon the trial of the action at law.

Thus, in the case under consideration, the general issue, which has been pleaded in the action at law, puts in issue the existence of the debt at the time of the commencement of the action, as well as the fact of the signing of the lease by the appellant. And if an issue should be taken on this plea of payment in bar of discovery, and such issue should be found for the complainant, and a discovery of the signing of the lease should then be obtained by the examination of the appellant upon interrogatories, it would still be necessary to proceed at law and try the same questions over again there. For even if the decision of this court that the plea was untrue in fact, could be set up as an estoppel against this appellant, upon the trial of the action at law, it would not estop the other defendant from proving payment, as a defence to that action. And that defence would, of course, defeat the recovery as to both defendants. For, in an action upon a joint contract against two or more defendants, the plaintiffs must succeed as to all or neither of them; unless one of them set up a matter of discharge which is personal to himself alone.

The order appealed from must, therefore, be affirmed with costs.