GEORGE W. GARDNER

*v.*

GILBERT T. RAISBECK.

1. On a bill to compel the defendant to account for five bonds, with the mortgages securing the payment thereof, assigned and delivered to the defendant by the complainant, in trust to sell them and pay over the proceeds to the latter. A plea that as to four of the bonds, a court of competent jurisdiction, in a suit in which the present complainant and defendant were co-defendants, found that the assignments of those instruments were for valuable consideration, *Held*, not good.

2. To make a judgment pleaded in bar, a technical bar, it must appear to have been for the same subject matter, and between the same or substantially the same parties.

3. The complainant in the present suit not claiming under the complainant of the former suit, and his attitude in the former suit being merely that of resistance to the claim of the complainant, in that action, the judgment in the former suit was held not to have been

between the same parties, nor substantially so, nor for the same subject matter.

4. The allowance of the plea of former judgment is based on the maxim *expedit reipublicæ ut sit finis litium*, and the test question is whether the parties had in the former suit full opportunity to litigate the very subject matter of the present one.

5. A plea of former action depending for the same matter, will not be good, unless the former action was of the same nature and effect as the latter.

6. The plea as to the fifth bond, was that the complainant had on a certain occasion sworn that it had been assigned by him to the defendant for valuable consideration, *Held*, bad.

Bill for account. Plea of former decree, by defendant, Gilbert T. Raisbeck.

*Mr. S. B. Ransom*, for complainant.

*Mr. I. R. Wilson*, for G. T. Raisbeck.

THE CHANCELLOR.

The bill is filed to compel the defendants, Gilbert T. Raisbeck, Charles H. Bertrand and Edwin M. Cook, to account to the complainant for five bonds, with the mortgages securing the payment thereof, assigned and delivered by him through Bertrand to Raisbeck, on or about the 7th of June, 1871, in trust, to sell them and pay over to the complainant the proceeds, after deducting ten per cent. on the amount of the principal and interest due at the time of sale. The bill states that there were then due thereon $25,500, and that the complainant was induced to make the assignments and deliver over the bonds and mortgages by the advice, representations and recommendations of Bertrand, who was, or pretended to be, a New York lawyer, and acted as the complainant's legal adviser in the matter; and that Bertrand represented to him that Raisbeck (who pretended to be a real estate broker) was an honest man and pecuniarily responsible, and that the latter had already a

Gardner *v.* Raisbeck.

purchaser for the securities.   The bill alleges that the assignments were made to facilitate the transfer of the bonds and mortgages on sale, the complainant then living in the state of Connecticut, and Raisbeck in Hoboken ; that the complainant instructed Bertrand, to whom he entrusted the assignments and bonds and mortgages, not to deliver them to Raisbeck until he should have received ample security from the latter in the premises, and that at or about the time when they were delivered to Raisbeck, the complainant was informed by Bertrand that he had taken from Raisbeck full security before he delivered them over to him, and that he would see to it that Raisbeck accounted to the complainant for, and paid over to him, the proceeds of the sale of the securities.   The mortgages were on property in the city of Brooklyn.   Cook was a clerk in Raisbeck's employ.

The bill further states that the defendants conspired to defraud the complainant in the matter, and that, accordingly, Raisbeck assigned one of the bonds, with the mortgage securing its payment, to Arthur Childs, on or about the 26th of April, 1872, and purchased the title to the mortgaged premises mentioned in the other mortgages, and then, on or about the 5th of the last mentioned month, canceled those mortgages, and that he afterwards sold the property.   It further states that he admits that he has converted the proceeds of the bonds and mortgages to his own use, except $7,000 which he claims to have paid to Bertrand, and $2,000 to Cook.   The complainant further states that when he sought to compel payment of the proceeds to him, Bertrand and Raisbeck conspired to cause him to be imprisoned in the state penitentiary, and for that purpose falsely accused him, on oath, of subornation of perjury ; that for their conspiracy in the matter they were indicted and convicted, and imprisoned in the state penitentiary. Raisbeck pleads that, as to four of the bonds and mortgages, there was an adjudication on the merits, on the 18th of January, 1872, in the supreme court of New York, in a

suit brought by Charles Gardner against Raisbeck and his
wife, and the complainant and Catharine M. Flynn and
George W. Burrell, to set aside the above mentioned
assignments of the bonds and mortgages by the complain-
ant to Raisbeck, on the ground that there was no consider-
ation paid by the latter to the former therefor ; and that on
the 2d of March, 1872, final judgment was rendered in that
action, and the court, on the merits, decided that the
assignments were made for a good and valuable considera-
tion, and without any fraud, collusion or conspiracy with
Raisbeck, or any person whomsoever, and adjudged that
the plaintiff's bill in that suit be dismissed on the merits of
the action. The plea further states that those four bonds
and mortgages are four of those mentioned in the bill in
this cause, and it makes profert of the judgment, and prays
that it be made part of the plea. The question is, whether
the plea is good. The assignments were made on the 7th
of June, 1871 ; the judgment pleaded was entered on the
2d of March, 1872, and the conversion complained of took
place, according to the bill in this cause, as to the bond and
mortgage assigned to Arthur Child, on the 26th of April,
1872, and as to the rest on the 5th of that month.

To make the judgment pleaded a technical bar to this
suit, it must appear to have been for the same subject mat-
ter, and between the same, or substantially the same, par-
ties. It was, as stated by the plea, in an action by Charles
Gardner, to set aside the assignments to Raisbeck, on the
ground that they were without valuable consideration.
The result of that litigation was merely the defeat of Charles
Gardner, and the consequent dismissal of his bill. It is
alleged, indeed, that the ground of dismissal was, that the
court found that the assignments were made for valuable
consideration and *bona fide*. The bill in this cause alleges
that they were made *bona fide*.

The question between the parties to this suit, whether
the complainant is entitled to an account from the defend-
ants, in respect of the bonds and mortgages assigned to

Raisbeck, was not determined in that action. Nor was the judgment between the same parties, nor substantially so. The complainant is not bound, nor to be affected by it. He does not claim under Charles Gardner. He is not seeking to renew that litigation. He sought no relief in that suit, and could obtain none. His attitude was merely that of resistance to the claim of Charles Gardner against him. Says Chancellor Kent, in *Neafie* v. *Neafie*, 7 *John. C. R.* 1 : " To make the dismission of the former suit a technical bar, it must be an absolute decision upon the same point or matter, and the new bill, it is said, must be by the same plaintiff or his representatives, against the same defendant or his representatives." A decree cannot be pleaded in bar of a new bill, unless it is conclusive of the rights of the complainant in that bill, or of those under whom he claims. *Mitf. Pl.* 238 ; 2 *Madd. Ch. Pr.* 312.

" To make a former judgment conclusive between the parties in another suit, in relation to the same matter, it is necessary," says Chancellor Walworth, " that the former suit should have been between the same parties. But the fact that there were other defendants in the former suit, who are also bound by the decision, and estopped from controverting the same fact, does not render the former decision any the less conclusive against any one of the defendants therein." *Dows* v. *McMichael*, 6 *Paige* 139. In *Behrens* v. *Sieveking*, 2 *M. & C.* 581, the lord chancellor said, that in order to support the plea, it was necessary to show that the proceedings in which the plaintiffs were alleged to have failed were taken for the same purpose as the suit in which the plea was filed ; for, he adds, the issue might have been the same, while the object was different ; and the circumstance that the matter had been tried as a matter of evidence could not be conclusive ; that the defendant had to show that the subject matter was the same, that the right came in question before a court of competent jurisdiction, and that the result was conclusive, so as to bind the judgment of every other court. This is in accordance with

the rule of the civil law, in which, according to Voet, the *exceptio litis finitæ* could only be allowed *si lis terminata denuo moveatur inter easdem personas, de eadem re et ex eadem petendi causa.* The allowance of the plea is based on the maxim, *Expedit reipublicæ ut sit finis litium ;* and the test question is, whether the parties had in the former suit full opportunity to litigate the very subject matter of the present one. A plea of former action depending for the same matter will not be good, unless the former action were of the same nature and effect as the latter. *Law* v. *Rigby,* 4 *Bro. C. C.* 60. The question whether Raisbeck is not liable to account to the complainant, in respect of the four bonds and mortgages, was not adjudged in the suit in the supreme court of New York. The plea as to the other bond and mortgage is bad. It does not even plead that Raisbeck holds those instruments by assignment for valuable consideration, but that in a "bill of accounting," made by the complainant, and sworn to by him, on the 23d of September, 1871, it appears that he assigned that bond and mortgage to Raisbeck for $1,350. The "bill of accounting" here mentioned seems to have been a statement of account, and the plea in substance is, that at the time last mentioned, the complainant swore that he had assigned the bond and mortgage to Raisbeck for the consideration of $1,350. Briefly stated, these pleas are, first, that as to four of the bonds and mortgages, a court of competent jurisdiction, in a suit in which Raisbeck and the complainant were co-defendants, found that the assignments of these instruments were for valuable consideration ; and secondly, as to the other, that the complainant, on a certain occasion, swore that the assignment thereof was for a valuable consideration.

The pleas will be overruled, with costs.