WILLIAM MILLER

*v.*

THE UNITED STATES CASUALTY COMPANY.

[Filed October 30th, 1900.]

1. The statutes of New Jersey conferring jurisdiction for discovery upon the law courts, have not had the effect of divesting the court of chancery of its ancient and original jurisdiction for discovery.

Miller *v.* U. S. Casualty Co.

2. When a plea contains several distinct averments or allegations of fact, all the allegations must be supported by the proofs, or the plea will be overruled as false.

3. When complainant replies and takes issue upon the plea, the determination of that issue is final, and if the plea is not well founded in fact, complainant is entitled without further proof to a final decree to the extent of the court's jurisdiction to grant relief upon his bill.

4. Although complainant may, in addition to his prayer for discovery, have added a prayer for relief, discovery only will be decreed, as jurisdiction to decree relief upon a purely legal claim cannot be exercised though the parties, so far as it is possible, have consented to the jurisdiction for relief.

Complainant's bill alleges that in February, 1895, complainant and defendant entered into an agreement by which defendant obtained complainant's services to secure business for defendant (an insurance company) from other companies, by which it was agreed that if no such business was secured, complainant should be paid $50 a week besides expenses, and that if business was procured, the compensation of complainant should be adjusted between complainant and defendant upon some basis proportionate to the value of the work. Complainant's bill alleges that he undertook the work, and through his efforts the American Accident Insurance Company of Kentucky entered into negotiations with defendant and with one Chase, the general manager of defendant company, and that, partly through complainant's efforts and partly by direct negotiations with the defendant and its officers and managers, the Kentucky company entered into an agreement with the defendant, the terms of which complainant has not been able to ascertain; but, in consequence of the agreement, all of the business of the Kentucky company was transferred to the defendant, whereby defendant has made a large profit; that this agreement between the two companies was made in May or June, 1895, when the Kentucky company had five thousand five hundred and seventy-one members holding policies, aggregating $21,211,100, and that a very large portion, if not all, of this business was secured by defendant, but complainant is not able to state the number of policies transferred, their aggregate amount or the profit thereon, as defendant's manager, for the purpose of defrauding complainant of his compensation, concluded the negotiations without com-

plainant's knowledge and concealed from him the nature of the contract and the fact of its consummation. Complainant alleges further that he is entitled to receive from defendant a large sum as compensation under the agreement, but that he is unable to ascertain the compensation he is entitled to, or the value of his services, or to safely and properly bring any action to recover without discovery of the terms of the agreement between the companies and the number of policies transferred to defendant in consequence, and the profits made thereon by the defendant, of which facts the defendant is alleged to have exclusive knowledge. Application is alleged to have been made by complainant to the defendant for this information, but the company refuse to give it, and refuse to enter into any negotiation with complainant as to his compensation, or to pay him any sum for his services. An answer to the bill is prayed and discovery is specially prayed as to whether an agreement was made with the Kentucky company—its date and the full terms thereof— what policies were received in conveyance of the agreement, and the aggregate amount of insurance thereon. The prayer is added, "and that your orator may have such further and other relief as the nature of the case may require." To this bill the defendant, as to discovery of the terms of the contract, the number of policies transferred and the profits made, pleads that the negotiations between the companies was not due to nor in any way the consequence of any efforts of the complainant, nor was it through his efforts that the Kentucky company entered into negotiations with defendant or its general manager, and it is not true that it was partly or to any extent through complainant's efforts that the Kentucky company entered into an agreement with defendant. The plea then adds

"and that although it is true that a part of the business and some of the policies of the Kentucky company were transferred to the defendant in pursuance of an agreement made between them, it is not true that defendant was thereby enabled to make any profit, nor that it did make profit, and it is not true that under the agreement made between complainant and defendant, and by reason of anything done by the complainant, the complainant is entitled to any compensation by reason of the fact that the agreement was made between the defendant and the Kentucky company, or that certain business and policies were transferred from that company to defendant."

The plea is set up to bar answer to the bill and the discovery as to the terms of the contract, or the number of policies or value of business transferred, or any of the matters of which discovery is sought by the bill. Complainant filed a replication to the plea, and both parties have proceeded to proof. The proofs taken are upon the defence in the plea, that the contract between the company was not due to the efforts of the complainant. No proofs have been taken to support the allegation in the plea that the defendant, by the transfer of the business and the policies of the Kentucky company, was not enabled to make any profit, and upon the issue raised by inference in the plea, that a part of the business and policies were transferred, the defendant's proofs show that the business and all the outstanding risks of the Kentucky company were transferred to the defendant, which assumed the Kentucky company's liability thereon.

*Mr. Edwin B. Goodell,* for the complainant.

*Mr. Edward Q. Keasbey,* for the defendant.

EMERY, V. C. (after statement of issues).

Complainant's right of action, as disclosed by the bill and proofs, is a purely legal right, and in a court of law depends for its establishment upon complainant's proving three things—*first,* defendant's contract to compensate him, according to the value of his work, if he secured business for defendant; *second,* that he secured or assisted in securing the business of the Kentucky company, and *third,* that this business was valuable to the defendant. Sufficient proof of all of these three facts would be necessary to maintain his case at law. Defendant's plea does not reach to a denial of the whole of complainant's legal case, but to two of the facts or parts which constitute this case, viz., a denial that complainant secured the contract and that the contract was profitable. Both of these issues will be issues in the action at law to be brought. Had the plea been set down for hearing, my present view is that it must have been overruled, and mainly for the reason that the plea sets up as a bar to the discovery, in aid of the action at law, a denial which is a denial of

only one of the several grounds which together constitute the basis of the legal action, and does not go to the whole ground of action.   At an early day it was laid down by Lord Thurlow, in the leading case of *Hindman* v. *Taylor 2 Bro. Ch. C. 7; S. C., 2 Dick. 651,* that a plea which set up matter which went to the whole cause of action, and was a legal bar to the action, was not a good plea to a bill for discovery only. as that would put the trial of the legal right in the court of equity. This decision has never been expressly overruled, but its soundness has been vigorously attacked, and later cases have undoubtedly qualified it, to the extent of allowing, in some cases, a plea to a bill of discovery to set up a denial of complain-ant's title or interest.   The reason is that otherwise, by com-plainant's false or unfounded claim of interest or title as the basis of either an existing or proposed action, he might have a discovery of transactions with which he had, in fact, no con-cern, and for the disclosure of which the false or unfounded claim was asserted for ulterior purposes.   *Wigr. Disc.* \*154, &c., and cases cited; *Story Eq. Pl.* § *821.*   The cases, however, in which the pleas were sustained as denying complainant's in-terest or title were either cases in which equitable relief as well as discovery was sought, *e. g.,* denials of partnership on bill for account, and in which the issue raised by the plea was properly triable in equity, or cases in which the plea went to the whole issue triable at law, as the basis of the legal action.   The late case of *Robertson* v. *Lubbock, 4 Sim. 161, 180 (Vice-Chancellor Shadwell, 1831),* cited in *Wigr. Disc., supra,* states the rule in cases like the present. The vice-chancellor says (at *p. 180)* : "If a right of action is founded upon a variety of circumstances put together, a plea which attempts to show that the action cannot be maintained by confessing and avoiding some of the circum-stances and denying the rest, cannot be good, for the reason that it, in effect, takes to pieces all the several grounds which, put together, are asserted as the grounds upon which the action is maintainable, and by confessing and avoiding some and tra-versing others, it reduces the plaintiff to the necessity of proving in a court of equity, *without a discovery,* that he has a right to support that action."   In other words, the plaintiff in an action

Miller *v.* U. S. Casualty Co.

at law has the right to the trial of the whole right of action or the whole bar set up, together and in a single court, and if a legal bar to the action is a good plea to the bill for discovery, the plea must extend to the whole right of action or to all the circumsances which, together, constitute the right of action. Chancellor Walworth, in *Sperry* v. *Miller, 2 Barb. Ch. 632 (1848),* followed *Hindman* v. *Taylor,* and held it good law to its full scope, overruling a plea of payment of the legal claim as a bar to discovery. Our own decisions are silent upon the point, but the validity of a plea of legal bar to the action cannot be extended beyond the extent indicated in *Robertson* v. *Lubbock, supra,* and, under this rule, the defendant's plea would probably have been overruled. The validity of the plea is not, however, a question directly in issue now, and it is only referred to because it has a bearing upon the question of the *status* of the case upon the entire record which is now presented for decision upon the proofs. Complainant, by replying to the plea, has, for the purposes of this suit, admitted its validity, and the question now to be determined is whether the defendant has established its plea by the proofs. The burden of doing this rests upon the defendant. *1 Dan. Ch. Pr. (6th Am. ed.) *698.* And where a plea contains several distinct averments or allegations of fact, all of the allegations must be supported by the proofs or the plea will be overruled as false. *Dows* v. *McMichael, 6 Paige 139, 144,* cited and approved in *Flagg* v. *Bonnel, 2 Stock. 82, 85.* The reason is that in this court no repleader is awarded where a cause comes to hearing upon an immaterial issue joined on a plea, and the court, therefore, never inquires as to the materiality of the allegations contained in the plea if the complainant admits the validity of the plea by replying to it. If the truth of the plea is established by the proofs, complainant's bill must be dismissed, although the matters stated in the plea contain, in fact, no valid defence to the suit, and, on the other hand, if the defendant fails in proving the truth of his plea upon the hearing, the plea must be overruled as false, and the complainant will be entitled to a decree according to the case stated by the bill. *Dows* v. *McMichael, supra* (at *p. 144*). And upon the hearing upon the plea the question therefore is as to the

truth of the several allegations in the plea, and if the truth of every distinct allegation is not established the plea must be overruled as false. *Ibid.*     See also *1 Dan. Ch. Pr. (6th ed.)* 695, 697.

In the present case the defendant has wholly failed to establish the allegation of its plea that the business transferred was not valuable, or to offer any proofs upon that subject. This is a material fact, solely within its knowledge, and having chosen to tender this issue in the plea, it was bound to sustain it as well as the other issue tendered, and its failure to do so will not be remedied by proofs upon the other allegations of the plea that the complainant did not procure the contract. This question of procuring the contract was one of the issues which should properly be tried in the action at law; the proofs which are produced upon the question are such as fairly entitle the complainant to its submission to a court of law; and the decision of this court should not be expressed thereon unless necessary for the decision upon the plea. Especially should this opinion not be expressed where the plea, if brought to a hearing, would probably have been overruled, as attempting to bring for the adjudication by this court that which was altogether an issue of fact to be tried at law as one of the circumstances on which the plaintiff's legal action was based. For this reason therefore, that the defendant has failed to sustain all the material allegations of the plea, it must be overruled as false and not sustained by the proofs.

Two objections of defences to a decree for discovery not presented by the plea were made at the hearing—*first,* that the contract or agreement set up by complainant was, as appears by the proofs, not made by the company. This objection cannot be entertained, because it is not an issue under the plea, which moreover admits the agreement. The *second* objection was that no decree for discovery should be granted, the courts of law, in which action is brought, being, by the later statutes, authorized to compel the necessary discovery in aid of plaintiff's action. The answer to this objection is twofold. In the *first* place, it is settled in this state that the statutes conferring jurisdiction for discovery upon the law courts have not had the

effect of divesting the courts of equity of their ancient and original jurisdiction for discovery. *Howell* v. *Ashmore, 1 Stock. 82* (*Chancellor Williamson, 1852*) ; *Shotwell* v. *Smith, 5 C. E. Gr. 79, 81* (*Chancellor Zabriskie, 1869*), approved and followed in *Sweeny* v. *Williams, 9 Stew. Eq. 627, 629* (*Errors and Appeals, 1883*). In the *second* place, the objection cannot properly be raised at the hearing upon the truth of the plea. Under the settled practice, the complainant, if the plea is not well founded in fact, is entitled, without further proof, to a final decree to the extent of the court's jurisdiction to grant relief upon his bill. *Flagg* v. *Bonnel, 2 Stock. 82, 84* (*Chancellor Williamson, 1854*) ; *1 Dan. Ch. Pr. (6th ed.) *697; Story Eq. Pl. § 697.* The cases in other courts cited by counsel in which the exercise of equitable jurisdiction for discovery has been refused, because it could be obtained in the law courts under the later statutes, were principally, if not wholly, cases where the question arose upon demurrer.

The defendant having failed to sustain its plea, complainant is therefore entitled to a decree upon his bill to the extent of the court's jurisdiction. In the present case, this extends to the discovery only, for the court has not jurisdiction to decree relief upon a purely legal claim under the general prayer for relief. The effect of adding this general prayer was to make the bill a bill for relief as well as discovery (*2 Dan. Ch. Pr. *1557*), but jurisdiction to decree relief upon a purely legal claim cannot be exercised, if it is based only on the circumstance that the parties have failed to raise objections to the jurisdiction, and, so far as it is possible for the forms of pleading to effect it, have consented to the jurisdiction for relief. The complainant is entitled to the discovery sought by his bill, and an order will be advised overruling the plea as false, and directing the defendant to answer the interrogatories.