ELLEN M. FENNIMORE et al., respondents,

*v.*

IDA E. WAGNER, appellant.

[Argued June 28th, 1907. Decided November 18th, 1907.]

1. The joinder of issue by complainant in equity upon defendant's plea is an admission of its sufficiency as a complete defence to the case made by the bill, and where, after such joinder, the facts alleged in the plea are sustained by proof, defendant is entitled to a decree dismissing the bill upon its merits, regardless of whether or not the plea constitutes a valid defence to the suit.

2. Where a plea contains several distinct allegations of fact, all of those allegations which are material must be supported by the proofs or the plea will be overruled as false.

On appeal from a decree in chancery advised by Vice-Chancellor Bergen, whose opinion is reported in *64 Atl. Rep. 698.*

*Mr. Samuel H. Richards,* for the appellant.

*Mr. Frederick A. Rex,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill of complaint in this cause was filed by two of the daughters of one Elizabeth Walsh, who were residuary legatees named in her will, against Ida E. Wagner, another daughter of Mrs. Walsh, and charges that a few months before the death of Mrs. Walsh and while she was in feeble health and of weakened mental capacity, she was induced by the defendant, Mrs. Wagner, to take up her home with her; that she continued to live with Mrs. Wagner until her decease; that while residing with her Mrs. Walsh was fraudulently induced and unduly influenced by

her to assign and transfer to her, without consideration, all of the personal estate which she (Mrs. Walsh) possessed, consisting of six bonds and mortgages aggregating $6,200; certain shares of capital stock of a fire insurance company worth about $860; household furniture worth about $200, and $1,000 in cash, and that such transfer was made after the execution of a will by Mrs. Walsh, which bequeathed all her property equally to her daughters. The prayer of the bill is that all of the personal property so assigned to Mrs. Wagner should be adjudged to be a part of the personal estate of Elizabeth Walsh, deceased. The defendant, Mrs. Wagner, instead of meeting the charges of the bill by an answer filed a plea to it, the only averment of which is that "for the assignment and transfer by Elizabeth Walsh to this defendant of the bonds and mortgages and shares of stock and other personal property in the bill mentioned good and valuable consideration passed from this defendant to said Elizabeth Walsh." The complainants replied by joining issue upon this plea.

The contention of the defendant, both in the court of chancery and also here, is that the complainants by joining issue upon her plea admitted its sufficiency as a complete defence to the case made by the bill, and that, therefore, if the facts set up in her plea were proved by her she was entitled, under the practice of the court of chancery, to a decree dismissing the bill upon the merits without regard to whether or not those facts constituted a valid defence to the suit. The effect of taking issue upon a plea in bar of matters *in pais* is, as the defendant contends, entirely settled. Story, in his work on *Equity Pleading,* section 697, lays it down that

"if the plea is upon argument held to be good, or if the complainant admits it to be so by replying to it, the truth of the plea is the only subject of inquiry remaining, so far as the plea extends, and nothing but the matters contained in the plea as to so much of the bill as the plea covers is in issue between the parties; * * * and, if the defendant proves the truth of the matters pleaded, the suit, so far as the plea extends, is barred."

In *1 Dan. Ch. Pr. ch. 15 § 4* the rule is stated in this way:

"If the complainant reply to the plea he thereby makes as full an admission of its validity as if it had been allowed upon argument, so that if the defendant at the hearing proves his plea to be true, the bill must be dismissed."

The rule was recognized in this state in the early case of *Meeker* v. *Marsh, Executor, &c., 1 N. J. Eq. (Sax.) 198.* It was followed in *Flagg* v. *Bonnel, 10 N. J. Eq. (2 Stock.) 82,* and later in *Hunt* v. *West Jersey Traction Co., 62 N. J. Eq. (17 Dick.) 225.* In the present case the learned vice-chancellor, before whom the case was heard, acted upon it and called upon the defendant to support by proof the allegation of her plea that she had paid a good and valuable consideration for the property specified in the bill. This, in his judgment, she failed to do, and for this reason advised a decree for the complainant.

We concur in the view expressed in the opinion of the vice-chancellor that the proofs therein specified do not sustain the plea. But it is urged before us that the learned vice-chancellor, in his consideration of the case, gave no effect to the seals attached to certain of the assignments of mortgages made by Mrs. Walsh to the defendant, and which were produced in evidence before him, and the contention is now made that these seals import a valuable consideration. It is often stated both in text-books and judicial decisions that such implication is to be given to the presence of a seal upon a contract. The correctness of this statement, however, is at least doubtful. It would seem to be more accurate to say that the presence of a seal implies such deliberation in the execution of a contract that courts will not permit the question of consideration to be inquired into. But even if it be conceded that a seal proves consideration in the making of a contract to which it is attached, the defendant is not helped thereby. The bill of complaint alleges that she obtained from her mother by fraud and undue influence, besides six bonds and mortgages, certain shares of stock and other property of value. Assignments of only three of the bonds and mortgages were produced before the vice-chancellor, and there is no proof of the assignment of the other bonds and mortgages, or of the transfer of the

shares of stock or of the remaining property speci-
fied in the bill. A corollary of the rule which entitles the de-
fendant to a decree upon proof of the facts set up in his plea
when the complainant has joined issue upon it—even though the
plea is not good either in form or in substance—is that
where a plea contains several distinct allegations of fact all of
those allegations which are material must be supported by the
proofs or the plea will be overruled as false.   *Dows* v. *McMichael,*
*6 Paige 144; Miller* v. *United States Casualty Co., 61 N. J. Eq.*
*(16 Dick.)* 115; *Hunt* v. *West Jersey Traction Co., supra.*
The present plea avers that a good and valuable consideration
passed from the defendant to her mother for each bond and
mortgage, for the several shares of stock and for the cash and
household furniture received by her.   It need hardly be said
that the presence of the seals upon the three assignments pro-
duced before the vice-chancellor is no evidence of consideration
paid by the defendant for property not conveyed by the assign-
ments.   The other proofs in the case, as we have already said,
fail to support the allegation of a consideration paid for the
rest of the property received by the defendant.   The overruling
of the plea and the decreeing of the relief sought by the bill
was therefore proper.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, HENDRICK-
SON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDEN-
BURGH, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.