MARY E. KELSEY

*v.*

SARAH DILKS et al.

[Submitted March 7th, 1908. Decided March 10th, 1908.]

Where a cause in equity came on for trial, and after two witnesses had been examined in behalf of complainants a dismissal without prejudice was asked for by them and denied, and a final decree entered stating such facts, and that complainants were not entitled to relief, and dismissing the bill, such decree was a bar to a subsequent action identical as to subject-matter and relief sought brought by one of the former complainants against two of the defendants.

On bill, plea and replication.

In 1903 complainant and her husband, Orlando C. Kelsey, filed a bill in this court against the present defendants and Jane Stevenson for certain specific relief therein set forth. The present defendants answered and after a replication filed by complainants the cause came on regularly for hearing before Vice-Chancellor Grey. After two witnesses had been examined in behalf of complainants, counsel for complainants asked leave to dismiss their bill "without prejudice." This request was opposed by counsel for defendants: The vice-chancellor then stated: "I am quite confident there should not be a dismissal without prejudice. If the complainants choose to dismiss their bill that is another matter, but the element 'without prejudice,' by which he has a right to renew the case, I do not think should be allowed. I am quite clear that the case should be tried." Counsel for complainants then stated that he would simply ask to dismiss the bill. The vice-chancellor then stated: "If counsel refuse to prosecute his suit further I do not think he has any remedy; I do not think the bill can be maintained. He seems to be of that opinion himself. I will make an order that the bill be dismissed." Upon counsel for complainant asking for a decree, the vice-chancellor stated: "I propose to make a decree." A decree styled a final decree was then advised and signed and enrolled. The decree, after reciting that the cause had come on regularly for trial in the presence of respective counsel, and that the pleadings were read and that two witnesses had been produced, sworn and examined by complainants, and that complainants had then moved to dismiss their bill without prejudice to the filing of a new bill and that this motion had been opposed by defendants and denied by the court, and that thereupon complainants had moved to dismiss their bill, and that it had appeared to the court that the complainants were not entitled to the relief sought and prayed for by them in their bill, it was ordered, adjudged and decreed that the bill be dismissed, with costs to defendants.

More than three years thereafter a petition was presented to this court by complainants praying that the decree referred to

be opened.    The prayer of the petition was denied.    *Kelsey* v.
*Dilks, 72 N. J. Eq. (2 Buch.) 834.*

The present bill is filed by Mary E. Kelsey against Sarah
Dilks and George R. Dilks and contains substantially the same
averments and seeks substantially the same relief as the former
bill.    To the present bill defendants have filed a plea asserting
the former suit as a bar.    The plea was set down for hearing
and its sufficiency sustained by a decision of Vice-Chancellor
Pitney.    Complainant then filed a replication to the plea deny-
ing its truth and at the hearing, defendant, in support of the
plea, offered in evidence the pleadings and decree in the former
suit and complainant offered in evidence the proceedings at
the trial of the former suit.

*Mr. Timothy J. Middleton* and *Mr. John J. Crandall,* for the
complainants.

*Mr. John Boyd Avis,* for the defendants.

LEAMING, V. C.

An examination of the pleadings in the former suit, which
are now pleaded as a bar to the present suit, discloses that the
former bill and present bill are identical so far as the subject-
matter and relief sought are concerned.    The present complain-
ant was one of the complainants in the former bill and the pres-
ent defendants were two of the defendants in the former bill.
The two suits may therefore be said to be between the same
parties and concerning the same subject-matter and for the same
relief.    It is urged on behalf of complainant that although the de-
cree in the former suit is a final decree, when considered in con-
nection with the proceedings at the trial, on which it is based,
it cannot be treated as operative to bar another suit of like pur-
pose for the reason that the merits of the claim asserted by com-
plainants were not in fact investigated or passed upon at the
trial.    I entertain grave doubts whether this court is privileged
to look behind or beyond the terms of a final decree, which is
complete on its face, to ascertain its force.    In a case of this
nature the pleadings of the former suit are necessarily examined

to ascertain whether the former suit was between the same parties and touching the same subject-matter and relief. The decree is necessarily examined to determine the disposition made of the former suit. But when the decree is intelligible and complete in itself any investigation of the proceedings had at the trial on which the decree is based, would seem to partake of the nature of review and encroach upon the essential conclusiveness of decrees. See *Weehawken Ferry Co.* v. *Sisson, 17 N. J. Eq. (2 C. E. Gr.) 475, 482.* In the present case the decree recites that witnesses were examined in behalf of complainants and that a motion was made by complainants to dismiss their bill without prejudice to the filing of a new suit and that the motion was denied, and that it appeared to the court that complainants were not entitled to the relief sought by their bill, and with these recitals as grounds of action, coupled with complainant's own motion to dismiss, the decree dismisses the bill. Without going behind this decree and examining the proceedings at trial, it cannot be said that the merits of complainant's claim was not passed upon by the court, for the decree, on its face, asserts the very contrary. Nor is it clear that it is necessary that the merits should be in fact adjudicated in order to constitute the decree of dismissal a bar to the subsequent suit. In *1 Dan. Ch. Pl. & Pr.* § *659,* it is said:

"By the original practice of the court a decree or order dismissing a former bill for the same matter could only be pleaded in bar to a new bill, where the dismission had been upon the hearing; for a dismissal was a bar only. where the court had determined that the plaintiff had no title to the relief sought by his bill. It was not. however, necessary, in order to entitle a defendant to plead a former suit and decree of dismissal, that the decree should have been made upon discussion of the merits; if the dismissal had been merely for want of evidence, the decree would have been equally a bar to another suit. Under the later practice if the plaintiff, after the case is set down to be heard, causes the bill to be dismissed on his own application, or if the cause is called on to be heard in court, and the plaintiff makes default, and by reason thereof the bill is dismissed, such dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter."

Regarding the text quoted as an accurate statement of the English practice, it will be observed that the dismissal of a bill

in equity for failure of proofs has never been treated as similar in effect to a voluntary nonsuit at law, but that, on the contrary, such a dismissal has always been treated as a bar to a new suit unless accompanied with an order to the effect that the dismissal shall be without prejudice. I know of nothing which may be said to have modified our practice in this respect, unless it be section 37 of our present Chancery act (*P. L. 1902 p. 523*). That section provides that after a hearing shall have been commenced, a complainant shall not be allowed to dismiss his bill "except upon good cause shown and by special order," and also that when a complainant has begun taking proof and fails to further prosecute his bill, the defendant

"instead of applying to dismiss the bill * * * for want of prosecution, may apply to proceed to final decree upon the hearing, notwithstanding the failure of the complainant * * * to take further proofs, or to further appear regularly at the hearing, and upon such application being granted, may so proceed to final decree."

If, indeed, this section can be treated as applicable to cases heard *viva voce* under the present practice, I am unable to discern that it in any way operates to lessen the severity of the rule stated by Daniell. If complainant's proofs have not proceeded far enough to make a case, there is manifestly no office for testimony upon the part of defendant, in the absence of a claim upon the part of defendants, for affirmative relief. The privilege given to defendant to "apply to proceed to final decree" can be no more, in such case, than a demand that a final decree be entered. That is what the decree now under consideration asserts as having been done.

But if this court is privileged to examine the proceedings at trial, the same result is reached. It there appears that after examining two witnesses, complainants were unable to offer more evidence and the evidence produced failed to make a *prima facie* case. Complainants then asked leave to dismiss their bill without prejudice to a new suit. That request the court denied. Complainants then asked leave to dismiss the bill, and defendants objected and asked for a decree. The vice-chancellor then stated that he proposed to make a decree, and accordingly entered the decree already referred to. There was no evidence for

defendants to offer as they sought no affirmative relief and complainant's proofs failed to make a case. These proceedings which were had at the trial clearly disclose that it was the purpose of the trial court to deny to complainants the right to bring a new action. Any error of the trial court in that respect or in the proceedings taken or rulings made should have been remedied on appeal. I am convinced that I am at this time powerless to treat the former case in such manner that it may be considered inoperative as a bar to the present suit.

The plea filed by defendants being found to be true, complainant's bill must be dismissed. *Fennimore* v. *Wagner, 68 Atl. Rep. 230 (Court of Errors and Appeals).*