By the Court. Mason, J.
The well established rule at law, that upon the argument of a demurrer to any pleading the previous pleading of the party demurring may be shown to be bad, has never been adopted in equity, and the party pleading to a bill is not allowed to sustain his plea by proving the bill to be defective. (Sperry v. Miller, 2 Barb. Ch. R. 632.) It is unnecessary therefore to express an opinion upon the objections taken by the defendant’s counsel to the sufficiency of the bill in this case. The plea must stand or fall upon its own merits.
The bill was filed to set aside a decree of the surrogate of the county of New York, in favor of the defendant, against the estate of Isaac Lawrence, deceased, which is alleged to have been obtained by false and fraudulent representations, and fraudulent suppressions of important facts. It specifies a number of circumstances in which the fraud is said to consist, and also alleges that all the facts of the case and the fraudulent nature of the transaction, were unknown to the administrator of Isaac Lawrence, and had been discovered by the plaintiff but a short time previous to the filing of the bill.
The plea merely sets up the decree without any denial of the fraud, or any other allegation whatever, except that all parties *542 interested had notice at the time the decree was rendered; and it is not accompanied by an answer.
The rule in cases of this kind is thus stated by Chancellor Walworth : “ Where fraud or other circumstances are charged for the purpose of avoiding a release, (and the same is true with regard to a decreé or judgment) the defendant pleading, must by proper negative averments in his plea, deny the allegations of fraud &c., and must support his plea by a full answer and discovery as to every equitable circumstance charged in the bill, to avoid the bar. (Bolton v. Gardner, 3 Paige 273.) See also Story’s Equity Pleading, § 671, 681.
The plea must therefore be overruled, and the defendant must answer the bill and pay the costs of the hearing within -- days of the service of the order.