## GRAHAM a. DUNNIGAN.

*New York Superior Court; General Term, March*, 1857.

ACTION UPON CONTRACT.—DEMURRER TO COUNTER-CLAIM.

An action brought by a widow to whom a life estate in certain parts of a house have been assigned as dower, against the owner of the fee, to recover a certain amount, averred to be his fair proportion of taxes, assessments, and water-rent of the whole building, paid by her to protect her estate under his neglect, is an action upon contract.

No averment of request or promise is necessary.

*Quere ?* whether upon demurrer to defendant's counter-claim the defendant can avail himself of the objection that the complaint does not state facts sufficient to constitute a cause of action ?

In considering a counter-claim upon demurrer to it for alleged insufficiency, the facts alleged in the complaint, which are not inconsistent with the averments in the counter-claim, are to be taken as admitted.

Appeal from an order of the special term that plaintiff recover judgment on demurrer to the defendant's counter-claim.

This was an action brought by the plaintiff, who held a life estate in a considerable portion of a house and lot, against the owner of the fee, to recover from him a certain sum alleged to be his fair proportion of taxes, assessments, and Croton water rents, upon the premises, which, in his default, she had paid to protect her estate. The summons was for a money demand on contract. The complaint showed that the husband of the plaintiff died in 1848 seized of the house and lot in question and the adjoining property; that in December, 1851, a part of the house was set off to the plaintiff as her dower; that the defendant, since April 25, 1852, when he became owner of the fee by deed from

one James Linden, grantee of the heirs of the plaintiff's husband, had been in possession of the remainder of the premises, he claiming to own, and receiving the rents and profits of the same; that during that time the plaintiff had been compelled to pay all the taxes, &c., upon the whole premises; and that $200, for which with interest judgment was demanded, was the fair proportion of these payments properly chargeable upon the portion of the premises in the defendant's possession.

The amended answer of the defendant admitted that he was the owner of the premises, as alleged in the complaint, but denied any indebtedness to the plaintiff, and alleged a counter-claim, as follows:—

" And for a further defence to any cause of action in the complaint alleged, and as a counter-claim to any demand in the said complaint stated, the defendant avers and says, that by the order of this court, duly made and perfected therein, on the 20th day of June, 1851, Charles Sterling was appointed receiver of the rents and profits of all the property and premises in the complaint described; and the said order directed the said receiver to pay taxes, assessments, and interest money on certain mortgages on the said premises due for one year past and upwards, and certain other costs and charges and annual expenses.

" The defendant further shows and alleges, that in the month of December, 1851, the plaintiff was put in the possession of all the corner house, except one room on the second floor in the back part of said house, and one small attic bedroom, by the sheriff of the city of New York, for her dower in said property. The corner house stands upon more than half the front of all the property, and the two first floors, that is, the store and basement (and, in fact, the whole of said corner house, except two rooms), is in the possession of the plaintiff. · The defendant alleges that the plaintiff paid no rent to the receiver; and that Charles Sterling, as such receiver, was compelled to pay taxes and other annual expenses on the corner house out of the rents collected by him out of other property belonging to the defendant, when the plaintiff was receiving the rents and profits of the corner house, and paid nothing in the way of taxes or annual expenses on the said corner house; the several sums of money so paid by such receiver, and before his discharge on October 7th, 1852, and [which (?)] by right the plaintiff in this action should have paid,

according to the statute in that case made and provided, amounts to the sum of two hundred dollars, which sum of two hundred dollars the plaintiff owes the defendant, in his own right, as the owner of the fee of the said property, and assignee of James Linden, the former owner of the premises described in the complaint herein, the same has been assigned to the defendant in this action by the said James Linden for a valuable consideration, duly paid before the commencement of this action, by an instrument in writing, dated April 20, 1852 ; for which sum of two hundred dollars the defendant claims judgment in his favor against the plaintiff, with interest from November, 1852 ; and the defendant denies each and every allegation in the said complaint stated, relative to any indebtedness of the defendant to the plaintiff herein.

" James Linden, *Att'y. for Def't.*

"Dated October 2d, 1856."

Judgment having been ordered at special term for the plaintiff upon the demurrer, the defendant appealed.

*H. Brewster*, for appellant. The complaint should be dismissed because it does not contain facts sufficient to constitute a cause of action ; the summons is for money demanded on contract ; the complaint shows no contract, nor alleges the breach of any contract ; the complaint states that the fair and equitable proportion of the taxes, &c., properly chargeable on the portion of the corner lot and premises in possession of the said defendant is $200, and does not show nor state what portion of said premises are in the possession of the defendant, nor that any specific portion of the premises are in the possession of the plaintiff, by which it can be seen what portion of the taxes, &c., the plaintiff should pay. There is no allegation to show that important fact. There is no fact alleged in the complaint from which the court could judge what portion of the taxes, &c., alleged to have been paid by the plaintiff, the defendant should pay, if any.

*Warren G. Brown*, for respondent.

By the Court—Woodruff, J.—On the argument of the appeal herein, it was urged on behalf of the appellant that wheth-

er the counter-claim demurred to is sufficient, as set out in the answer, or not, the defendant is entitled to judgment upon the demurrer on the former and familiar rule that on a demurrer to the defendant's pleading, he is at liberty to go back to a previous pleading of the plaintiff, and if that be bad he is entitled to judgment, although his own pleading be also defective; and that a bad plea is good enough in response to a bad declaration. He therefore insists that the complaint herein does not state facts sufficient to constitute a cause of action.

Whether the rule referred to can avail the defendant in any case, it is unnecessary to say. Many defects in a complaint, if not insisted upon by demurrer to the complaint itself, are waived for all purposes. But it is provided expressly that if the complaint does not state facts sufficient to constitute a cause of action, that defect is not waived, though not insisted upon by way of demurrer. If we did not think it quite clear that the objection itself is without foundation, we might deem it material to inquire in what manner, and in what stage of the action, it should be taken advantage of, and whether it could be urged to defeat the plaintiff's demurrer to the defendant's counter-claim; but we prefer to content ourselves with the conviction that the complaint is not liable to the objection.

The complaint shows that the defendant, on or about the 25th April, 1852, became the owner in fee of a certain house and lot, certain apartments in which have been adjudged and set off to the plaintiff, in December, 1851, as and for her dower in the premises, and that the plaintiff, for the protection of her life estate in those apartments, has been compelled to pay the whole of the taxes, &c., on the said house and lot since the said 25th day of April, 1852, while the defendant has been in the possession of the residue of the premises, and in the receipt of the rents and profits thereof.

There is no doubt that upon these facts a cause of action has arisen in favor of the plaintiff, for the reimbursement to her of so much of such taxes, &c., as is properly to be apportioned to that portion of the premises in the defendant's possession. The plaintiff has paid money for the use of the defendant; she was compelled to pay it for the protection of her own life estate in the portion of the house which she occupied.

The ground of objection stated by the defendant's counsel is,

that the complaint shows no contract by the defendant to pay, and no breach of any contract. The answer to this is, that in such case the law implies a contract by the defendant to pay his just proportion. There is a contract as truly as in other cases where one pays money for the use of another, by his request. It is further insisted that the complaint does not state what portion of the premises are in the defendant's possession, nor that any specified portion is in his possession.

To this the reply is obvious. The complaint does state that the fair and equitable portion of the taxes, &c., properly chargeable upon the defendant's portion of the premises is $200. If the defendant desired that the complaint be made more definite and certain, he should have applied by motion. The substantive ground of the plaintiff's claim and the facts which show her title are averred, and whether the complaint be regarded as seeking an apportionment of the taxes, and a judgment that the defendant reimburse to her his just proportion, or, as in the nature of a declaration, for money paid to the defendant's use, the essential facts to constitute a cause of action are stated.

The demurrer to the defendant's counter-claim rests upon its alleged insufficiency; in considering it, we must take the facts alleged in the complaint, or, at all events, those which are not inconsistent with the averments in the counter-claim, as admitted, and the counter-claim under those admissions stands thus:—

The husband of the plaintiff died seized of the premises (including the house and lot before mentioned, and adjoining house), on the 11th day of May, 1848. On the 20th of June, 1851, one Charles Sterling was, by an order of this court, appointed a receiver of the rents and profits of all the property and premises in the complaint described, and the order for his appointment directed him to pay the taxes, assessments, and interest on certain mortgages upon the premises, and certain other costs, charges, and annual expenses.

On or about the 26th December, 1851, the plaintiff's dower was set off to her, by assigning to her use a part of the corner house and lot.

At some time prior to April 26th, 1852, the heirs-at-law conveyed the property to one James Linden, and on that day he conveyed all his right, title, and interest therein to the defend-

ant, and she has paid all the taxes, &c., on the corner house and lot since that time.

The defendant alleges that the plaintiff paid no rent to the receiver, and that such receiver was compelled to pay taxes, &c., on the corner house out of the rents collected by him " out of other property belonging to the defendant," when the defendant was receiving the rents and profits of the corner house, and paid no taxes, &c., thereon. That the sums so paid by the receiver amount to two hundred dollars, which, it is added, " the plaintiff owes the defendant, in his own right, as the owner in fee of the property, and assignee of James Linden, the former owner of the premises described in the complaint herein, *the same* has been assigned to the defendant, by the said Linden, for a valuable consideration, duly paid," &c.

We might dispose of the demurrer to this counter-claim by saying that we fully concur in the opinion given by Mr. Justice Bosworth, on sustaining the demurrer, at special term. We may however add—

It in no wise appears in what suit the receiver was appointed, nor who were the parties thereto. If it be true that the order appointing the receiver directed him to collect the rents of the premises, and pay the taxes, &c., which he paid, we must assume that the order was rightly made, and that it was based upon equities existing between the parties to the suit, whoever they were, which made it proper that he should pay such taxes, &c., out of the rents collected.

If the receiver collected rents from property *not embraced in the order*, and if that is what the defendant means by " other property of the defendant," the receiver is responsible, and the defendant should seek redress from him.

It does not appear, that when the receiver collected the rents and paid the taxes, either James Linden or the defendant had any interest in the premises described in the complaint, and if not, they had no interest in the rents collected therefrom.

It in no wise appears that the plaintiff was liable to pay rent to the receiver for the premises assigned to her for her dower.

It does not appear that prior to the assignment of her dower, she occupied the corner house; and if she did, the adjustment of the taxes, &c., was, for aught that appears, a matter between

her and the heirs-at-law, with which neither Linden nor the defendant had any concern.

And we must, moreover, assume that the powers and duties of the receiver, and his acts in his receivership, were under the direction of the court, and that all the rights and equities of the parties affected thereby were properly adjusted and determined by the court, in the suit in which he was appointed. If he made any misappropriation of moneys received by him, the party who was injured should seek redress from him.

If we could find in the facts alleged any ground for a claim in favor of James Linden, it would at least be doubtful whether there is any sufficient averment of an assignment of such claim to the defendant. The words " the same has been assigned to the defendant," &c., in the connection in which they stand, seem rather to refer to the *premises* than to any such claim for money due Linden.

It may not be difficult to point out other defects in the supposed counter-claim, but enough has been suggested to warrant the conclusion that the order appealed from must be affirmed with costs.

---

## DUFFY *a.* BRADY.

*New York Common Pleas ; Special Term, May,* 1857.

MECHANICS' LIEN.—REQUISITES OF NOTICE AND PLEADINGS.—DE-
SCRIPTION OF PREMISES.

A description of premises in a notice of lien, by a general statement that they are on the west side of a street, between two others, may be sufficient if the number was unknown.

In a complaint on such a notice the description should be made more definite, so that the sheriff could determine beyond doubt the premises to be sold; and if the street number is omitted, the plaintiff's ignorance of it should be averred.

A complaint defective in these respects is demurrable.

Demurrer to complaint for foreclosure of a mechanic's lien.

BRADY, J.—The objection to the complaint in this action more particularly is, that it is predicated on the notice of lien, con-