## Case No. 1,180.

### BEARD v. BOWLER.

[2 Bond, 13.] [1]

Circuit Court, S. D. Ohio.    Feb. Term, 1866.

EQUITY PLEADING—PLEA—DEMURRER—SUFFICIENCY OF BILL—DEFECTIVE PARTIES—AMENDMENTS.

1. A demurrer to a plea presents the question of the sufficiency of the bill as well as of the plea.

2. Where a defendant is sued as the sole owner of a railroad, and the proof is that he is jointly concerned with others as a stockholder, the allegation of ownership is material, and unless the bill is amended no decree can be entered against defendant.

3. An objection to a plea that it is defective in not responding to all the allegations of a bill is not sustainable, for a plea may be either to the whole bill, or to a part only.

[In equity. Bill by Gabriel H. Beard against Robert B. Bowler for discovery, an account of profits, and an injunction, for the alleged infringement of a patent. Heard on demurrer to the plea. Demurrer overruled.]

George M. Lee, for plaintiff.

King & Thompson, for defendant.

LEAVITT, District Judge. The question before the court arises on a demurrer to the defendant's plea in bar to the plaintiff's bill in equity. The bill alleges that the plaintiff is the owner of the exclusive right to an improved claw-bar for drawing spikes from the rails of a railroad, and other like purposes, by a patent issued in June, 1861, and that the defendant has infringed the patent by its use on the Kentucky Central Railroad. The bill prays for a discovery, an account of profits, and an injunction restraining the defendant from the further use of said improved claw-bar. The bill avers that the defendant is the owner of said railroad, and as such is, at the time of filing the bill, in the unlawful use of said improvement. The defendant pleads in bar, that since January 1, 1861, the Kentucky Central Railroad has been owned by a joint stock company, the stock of which is divided into shares, held by individual shareholders, and that said company is under the control and management of five directors, of whom the plea admits the defendant is one. The grounds of the demurrer to the plea are in substance: 1. That there is no denial of the defendant's sole ownership of the road prior to January 1, 1861. 2. That the defendant, on his admission that he is a shareholder in the joint stock company, is liable individually to respond to the plaintiff for the alleged infringement.

Upon a familiar principle of pleading, the demurrer to the plea presents the question of the sufficiency of the bill, as well as of the plea itself. Is the bill sustainable on the facts as admitted by the pleadings? If this question is answered in the negative, it is clear that the demurrer to the plea must be overruled.

Without adverting to all the points brought to the notice of the court, there is one consideration that is decisive as to the bill as framed. The bill, as before noticed, avers that the defendant "owns and is the proprietor of the Central Kentucky Railroad, and as such proprietor has infringed the plaintiff's patent." The plea explicitly denies the averment of ownership, asserting that the road, since January 1, 1861, has been held and owned by a joint stock company. But the plea does not directly respond to the allegation of an infringement between June 12, 1861—the date of the patent—and the formation of the joint stock company. The demurrer to the plea admits all the facts set forth in it. And one of these facts is, that the defendant was not, at the filing of the bill, and has not been since January 1, 1861, the proprietor of the road. It is clear, therefore, that the plaintiff can have no claim against the defendant individually, for any infringement of the plaintiff's patent occurring after the joint stock company was formed. This proposition needs no argument or authorities to support it. It results, therefore, that the defendant is sued in a wrong capacity, namely, as the sole owner of the road, whereas he is jointly concerned with others, as a stockholder. No principle in equity practice is more indisputably settled, than that a plaintiff can obtain a decree only on the case made in the bill. The allegata and the probata must correspond. The allegation, therefore, of the defendant's ownership of the road, is material and must be sustained. It is explicitly averred that the defendant, at the time the bill was filed, was the sole owner. As before stated, on the pleadings this allegation is in direct contradiction of the fact. And it follows that unless the bill is amended to meet the fact, no decree can be entered against the defendant.

The objection that the plea is defective, in not responding to all the allegations of the bill, is not sustainable. Judge Story says (Eq. Pl. 537, 538:) "A plea may be bad in part and not in the whole;" and it "may be either to the whole bill, or to a part only." But "if the plea is to the whole bill, but does not extend to or cover the whole of the bill, it is bad." But if there is any doubt as to the sufficiency of the plea in the particular referred to, the court, if requested, will grant leave to the defendant to amend his plea to meet all the allegations of the bill.

BEARD, (JOHNSON v.)    See Case No. 7,371.

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]