Holcombe *v.* Holcombe.

---

Josiah Holcombe, appellant,

and

Hiram Holcombe and others, respondents.

Where a fund is directed by testator's will to be invested by executors, the interest payable annually to A, for life, the fund itself is taxable in the hands of the executors, and they have a right to retain the tax out of the interest.

---

On appeal from a decree of the ordinary, reported in *Holcombe* v. *Holcombe*, 12 *C. E. Gr.* 473.

---

Note.—In *Hepburn* v. *Hepburn*, 2 *Bradf.* (*N. Y.*) 74, a testator gave the rents, income and profits of all his estate ＊ ＊ ＊ to his wife and son, equally to be divided between them during their joint lives, with remainder in fee to the son's issue, for which latter distribution a power of sale was given to the executors.—*Held*, that the taxes on the estate during the lives of the wife and son must be paid by them equally. See *Anderson* v. *Greble*, 1 *Ashm.* (*Pa.*) 136.

In *Lawrence* v. *Holden*, 3 *Bradf.* (*N. Y.*) 142, a testator gave his wife, "free and clear of all encumbrances," the use of a dwelling-house for life; and, at her request, the same to be sold, the proceeds invested, and the income, etc., applied to her use for life.—*Held*, that the widow must pay the annual taxes. See, also, *Fleet* v. *Dorland*, 11 *How. Pr.* (*N. Y.*) 489.

*Mr. Allen*, for appellant.

*Mr. Emery*, for respondent.

VAN SYCKEL, J.

Jacob H. Holcombe, by his will, gave to his daughter, Mrs. Sharp, the interest for life of certain investments, with provision that she should have the principal sum if she had living issue; otherwise, on her death, it should be equally divided between her two sons. The sons were appointed executors of the will, and, on settlement of their accounts,

In *Varney* v. *Stevens*, 22 *Me.* 331, the language was: "My will is that my said wife Dorothy Varney shall have the whole of my estate * * * during her natural life," and no devise or bequest over was made.— *Held*, that the wife took only an estate for life, and must pay the taxes during its existence.

In *Webb* v. *Burlington*, 28 *Vt.* 188, $10,000 of government stock of one of the United States was given in trust that the interest and income thereof might be for the use and benefit of testator's wife during her natural life, and, upon her death, the principal to be paid to testator's then heirs at law.—*Held*, that the wife must pay the annual assessments of taxes. *Spangler* v. *York Co.*, 13 *Pa. St.* 322, is almost identical in facts and conclusions; see, also, *McDonald* v. *Heylin*, 4 *Phila.* (*Pa.*) 73.

In *Pinckney* v. *Pinckney*, 1 *Bradf.* (*N. Y.*) 269, a testator gave his wife the use and income of certain real estate, and also the interest of $7,000.—*Held*, that the taxes thereon were a proper charge against her.

In *Waldo* v. *Cummings*, 45 *Ill.* 421, a devise of one-third of testator's estate to A for life, "to be used and occupied by her, with the rents, issues and profits thereof," with remainder to B, in trust for his children, with a proviso that if the children should permit any portion of the estate to be sold for taxes, and it should not be redeemed, they should forfeit their title to the unredeemed portion.—*Held*, not to release A's liability to pay the annual taxes assessed on her estate.

In *Johnson* v. *Smith*, 5 *Bush* (*Ky.*) 102, a tenant of a determinable freehold estate for life was held liable for the taxes on the property. See, also, *Arnold* v. *Smith*, 3 *Bush* (*Ky.*) 163.

In *Anderson* v. *Hensley*, 8 *Heisk.* (*Tenn.*) 834, a testator provided that his wife should use and occupy his homestead in N., during her life or widowhood, with the privilege of his children also occupying it at her discretion, and that, after her death or marriage, the property should be sold and divided among his three children.—*Held*, that she must pay the taxes thereon.

In *Sohier* v. *Eldredge*, 103 *Mass.* 345, a fund was given to trustees "to receive and collect the income and produce thereof, and, after deducting all needful and proper costs, charges and expenses, to pay the residue of said income to A" during her life, and, on A's death, the capital to B.—*Held*, that the United States succession and legacy duties must be paid by A, out of the income.

Holcombe *v.* Holcombe.

it appears that they hold the sum of $16,427.15 to be invested for Mrs. Sharp. The only question in this case is, how, and in whose hands, this sum is to be assessed for taxes? By the seventh section of the act concerning taxes, passed April 11th, 1866, (*Rev.* p. 1142), every person shall be assessed in the township or ward where he resides, for all personal estate in his possession or under his control as trustee, guardian, executor or administrator. The executors in this case fall within the class of trustees designated by this section, and are liable to be assessed for the fund in their hands. The law is express that the whole fund must be assessed in

---

The rule, in case the gift constitutes an *annuity*, is different.

In *McComb's Case,* 4 *Bradf.* (*N. Y.*) 151, a testator gave to his wife an annuity, to be paid semi-annually, and directed his executors to retain in their hands and keep invested a sum sufficient to pay such annuity.—*Held,* that the executors were bound to invest a sum sufficient to yield the annuity clear of taxes and commissions. See, also, *Booth* v. *Ammerman, Id.* 129.

In *Swett* v. *Boston,* 18 *Pick.* (*Mass.*) 123, a testator gave to his daughter, a *feme covert,* the interest of $50,000 from the time of his decease, during her natural life, and at her decease the principal to be equally divided among her children."—*Held,* to constitute an annuity, payable free of taxes.

In *State, Wyckoff* v. *Jones,* 10 *Vr.* 650, executors invested $6,500, as directed by will, on bond, whereby the interest was secured to be paid to testator's widow during life, in lieu of dower, and then the principal to be paid to the executors for distribution.—*Held,* that the executors were taxable with the value of the principal, computed according to the rules of chancery.

In *Pearson* v. *Chace,* 10 *R. I.* 455, A gave to his wife, in lieu of dower, the dividends and income of certain shares of stock *dum sola,* and then to his three daughters.—*Held,* to be a gift of income, and not an annuity, and that the wife was liable for the tax thereon so long as she received the income.

In *State, Howell* v. *Cornell,* 2 *Vr.* 374, the holder of a bond conditioned for paying an annuity of $166, was held taxable only upon the amount of the annuity due on the day of assessment. See, also, *State, Hill* v. *Hansom,* 7 *Vr.* 50.

In *Hoff's Appeal,* 24 *Pa. St.* 200, a gift of "the interest on $15,000 of such stock as I may possess," was held not to be a specific devise of the stock, but of the interest on $15,000 of testator's six per cent. stock, at its par value, the taxation to be borne by the legatee.

In *Cochran* v. *Cochran,* 2 *Desauss.* (*S. C.*) 521, a testator, *inter alia,* devised his dwelling-house to his widow for life.—*Held,* that she should pay one-third of the taxes thereon, the remaining two-thirds to be borne by the estate.

In *Fountaine* v. *Pellet,* 1 *Ves.* 337, an executor was directed that the mansion-house and its contents "be kept in hand and in good order

their hands; it cannot escape; but it is silent as to the way in which the tax shall be paid—whether out of the fund itself, or out of the annual interest. In the absence of statutory direction, this question must be settled upon general principles.

In case of tenant for life of land, it is the duty of the trustee to see that the equitable tenant for life, in rightful possession, pays all taxes and rates. *Perry on Trusts*, § 554.

The rule is general that the tenant for life must keep down the ordinary taxes. The distinction is, that where the assessment goes to the permanent benefit of the estate,

---

and repair" until the estate should be discharged from all encumbrances, and not to be let to any person, but that a daughter might "have, hold, occupy, use and enjoy the premises for her life."—*Held*, that during such occupation she must pay the taxes. See, also, *Amory* v. *Lowell*, 104 *Mass.* 265.

If a tenant for life assign his estate at a stipulated annual rent, his assignee is obliged to pay the taxes. *Prettyman* v. *Walston*, 34 *Ill.* 175; *Fox* v. *Long*, 8 *Bush* (*Ky.*) 551.

One of three tenants in common for life, is bound by law to pay one-third of the taxes assessed on the premises. *Anderson* v. *Greble*, 1 *Ashm.* (*Pa.*) 136.

A dowress, like any other life tenant, must pay the taxes during the enjoyment of her estate, but not before her dower has been assigned. *Branson* v. *Yancy*, 1 *Dev.* (*N. C.*) *Eq.* 77; *Strawn* v. *Strawn*, 50 *Ill.* 256.

Before such assignment, taxes should be deducted from the whole estate. *Hillgartner* v. *Gebhart*, 25 *Ohio St.* 557; see *Riley* v. *Clamorgan*, 15 *Mo.* 331; *Ware* v. *Owens*, 42 *Ala.* 212.

Whether a dowress can be rendered liable for taxes assessed against her husband in his lifetime, see *Harrison's Case*, 16 *Am. Law Reg.* 385.

In cases of ordinary tenancies for years, the lessor is obliged to pay the taxes. The following cases are exceptions: Premises were leased for ten years, *free of rent*, on condition that the lessee would erect a building on the lands and surrender the whole at the expiration of his term.—*Held*, that the tenant must pay the taxes. *Willard* v. *Blount*, 11 *Ired.* (*N. C.*) 624.

So, where lands were leased for ninety-nine years, with a covenant for renewal,—*Held*, that the lessee or his assignee must pay the taxes. *Hughes* v. *Young*, 5 *Gill & Johns.* (*Md.*) 67; see also, *Elmira* v. *Dunn*, 22 *Barb.* (*N. Y.*) 402.

As to the rule in case of a perpetual ground rent, see *Irwin* v. *Bank of United States*, 1 *Pa. St.* 349.

The life tenant is entitled to no apportionment from the remainderman, or *vice versa*. Thus, in *Sutton* v. *Chaplain*, 10 *Ves.* 66, where the tenant died in the middle of the year, and the taxes became due afterward,—*Held*, that the remainderman must bear the whole charge,

Holcombe v. Holcombe.

it may be apportioned between the life tenant and the remainderman. *Cairns* v. *Chabert*, 3 *Edw. Ch.* 312.

It is a rule of general, if not of universal, application, that it is incumbent upon a tenant for life to pay all taxes upon the lands subject to the tenancy during his life. 2 *Scribner on Dower* 732. He is entitled to the enjoyment of it only during his life-time, and he is bound to transmit the estate as he received it.

Upon principle, the same rule should be applicable to an investment by an executor, under the directions of a will, for the benefit of another for life. So long as the life ten-

---

notwithstanding the six months' previous enjoyment of the premises by the tenant for life.

In *Holmes* v. *Taber*, 9 *Allen* (*Mass.*) 246, the tax was assessed against a life tenant on May 1st, 1860, for the ensuing year; on May 22d he died.—*Held*, that the tax for the entire year must be taken from the income of the life tenant. See, also, *Sohier* v. *Eldredge*, 103 *Mass.* 345; *Rutledge's Case*, Harp. (*S. C.*) *Ch.* 65; *Blight* v. *Blight*, 51 *Pa. St.* 420; *Graham* v. *Dunigan*, 2 *Bosw.* (*N. Y.*) 516; *Poindexter* v. *Green*, 6 *Leigh* (*Va.*) 504. Nor can he, in accounting, be allowed for interest paid or discount received on the assessment. *Barnum* v. *Barnum*, 42 *Md.* 251.

The rule as to assessments for permanent improvements on the premises is otherwise, and they must be equitably apportioned between the two estates. *Williams* v. *Brace*, 5 *Conn.* 190; *Fleet* v. *Dorland*, 11 *How. Pr.* (*N. Y.*) 489; *Plympton* v. *Boston Dispensary*, 106 *Mass.* 544; *Miller's Case*, Tuck. (*N. Y.*) 346; *Stilwell* v. *Doughty*, 2 *Bradf.* (*N. Y.*) 311; *Peck* v. *Sherwood*, 56 *N. Y.* 615. See *Folley* v. *Passaic*, 11 *C. E. Gr.* 216.

In *Whyte* v. *Nashville*, 2 *Swan* (*Tenn.*) 364, and in *Hitner* v. *Ege*, 23 *Pa. St.* 305, it was held that an assessment for the cost of a pavement laid on the premises during the occupation of a tenant for life, must be borne by him.

A remainderman coerced into paying taxes or assessments, may compel the life tenant to refund them. *Linden* v. *Graham*, 34 *Barb.* (*N. Y.*) 316; *Graham* v. *Dunigan*, 2 *Bosw.* (*N. Y.*) 516, 6 *Duer* 629; see *Dorr* v. *Boston*, 6 *Gray* (*Mass.*) 131.

At common law, it seems, a tenant for life would, by a sale for taxes, have forfeited his estate for waste. *McMillan* v. *Robbins*, 5 *Ohio* 28; *Stetson* v. *Day*, 51 *Me.* 434; see *Robinson* v. *Miller*, 2 *B. Mon.* (*Ky.*) 284, 292; *Patrick* v. *Sherwood*, 4 *Blatch.* 112; *Burhans* v. *Van Zandt*, 7 *N. Y.* 523.

In making sale of the tenant's interest, the collector may not take the whole interest for a shorter term than that of the tenant, but must take so much as is necessary for the whole term. *Holabert* v. *Blakely*, 1 *Root* (*Conn.*) 505; see *Campau* v. *Godfrey*, 18 *Mich.* 27, where the interest of one tenant in common, in part only of the lands held in common, was sold on execution, and the court refused to set aside the sale.—Rep.

39

ant enjoys the entire produce of the fund, she should be required to keep down the taxes upon it; otherwise the fund itself must become impaired, and the entire burden thrown upon those who take the fund at her death. If she had absolute ownership in the fund, she would have the taxes to pay, and there seems to be no reason why she should not pay the taxes during such period as she is entitled to the entire use and benefit of it.

In *Currie* v. *Gould*, 2 *Madd.* 163, the right of an executor to retain taxes out of the interest of the fund in his hands was admitted, and the same rule was applied in *Atwood* v. *Lamprey*, cited in a note to *East* v. *Thornbury*, 3 *P. Wms.* 126.

I think the chancellor's view, that the executors have a right to retain the tax out of the interest, is correct, and that the decree should be affirmed, with costs.

Decree unanimously affirmed.