O’Brien, J.
The defendant has demurred to the reply, interposed by the plaintiff to the counterclaim on the ground that it appears upon the face thereof to be insufficient in law.
*221 In determining this question it is insisted that all the-pleadings should be considered and judgment given against the party who has committed the first error.
In the case of Williams v. Williams,* recently decided by this court, and reported in the New York Law Journal,. May 29,1890, it was held that upon a demurrer to a defense,, which would otherwise have been sustained, it should be overruled, and judgment given in favor of the defendant,, for the reason that it appeared that the complaint was insufficient in not stating facts sufficient to constitute a cause of action.
One good reason, among others, for this rule that might be assigned is that, however defective and insufficient the-defense may be, it is, of course, a sufficient defense to an insufficient complaint. Graham v. Dunnigan (6 Duer, 629) was a case of- a demurrer to a counterclaim, and the court, having viewed the complaint as sufficient, expressly declined to pass upon the question as to whether a complaint could be attacked for insufficiency on a demurrer to the counterclaim. The other cases referred to and commented upon in Williams v. Williams (supra), holding that the sufficiency of a prior pleading could be inquired into, were all cases of demurrers to defenses.
It will thus be seen that the precise question here presented has not been directly passed upon. And while a counterclaim is to be regarded as a new and original cause-of action in defendant’s favor against the plaintiff, as to which-the burden of proof is on the defendant, and which, if insufficient, is to be dismissed, yet it is a pleading in the action1 resorted to to offset plaintiff’s demand in whole or in part, and at times is of such a nature as to entitle the defendant,, in addition to securing the satisfaction of plaintiff’s claim against him, to an affirmative judgment in his favor.
All the pleadings from the complaint to the demurrer and the reply, are, when used as in this case, but pleadings *222 in a single action, and I am inclined to the view that the true rale is as has been stated in Gleason v. Youmans (9 Abb. N. C. 108), that the demurrer runs through all the preceding pleadings and judgment is to be given against the first party whose pleading is defective in substance. Applying this rule, therefore, and assuming that the demurrer to the reply raises a question as to the sufficiency of all the preceding pleadings, it remains to be determined not only whether the reply itself is sufficient on its face, but whether the ■counterclaim is good, and as to whether the complaint itself is defective in substance.
The demurrer to the reply I do not regard as well taken, for 'the reason that it contains a sufficient denial of the averments constituting the counterclaim. As to the counterclaim itself it is defective, in that there is no demand for any judgment thereon in defendant’s favor as against the plaintiff. In addition, there are other defects which it is needless to point out in view of the conclusion at which I have arrived, that the complaint itself is insufficient.
The plaintiff brings the action as assignee of á right of action which arose upon contract in favor of his assignor, for the purchase and sale of certain bonds and stock. Upon a breach of the contract sued upon, the plaintiff’s assignor, or plaintiff himself, as assignee of the cause of action, could have sued, either claiming damages for the breach or brought ■an action in effect for the specific performance thereof. This latter is the remedy here sought, and is the theory upon which the plaintiff’s complaint has been framed.
The defendant agreed to pay the sum of $1,700 in four installments of $425 each, for which he was to receive from plaintiff’s assignor, the Julian Electric Traction Company, two certain first mortgage bonds, of the par value of $1,000 each, and twenty shares of stock. One of the bonds and half of the stock were to be delivered when one-half of the amount, or two of the installments, were paid as provided. When two installments were paid, one of the bonds and half of the stock were delivered to defendants. In addition, de *223 fendant paid the third installment, and then refused to pay the fourth, and it is to recover this fourth installment that this action is brought.
It seems reasonably clear that, upon the payment of this installment, which would fully complete the contract on defendant’s part, the latter would be entitled to an additional bond and stock, as in the agreement provided.
Unless upon the trial plaintiff could show that he was ready and willing to perform the contract, and that he was :able to deliver the bond and stock, I do not see how he would be able to force the defendant to specifically perform his part ■of the contract by paying the last installment. To obviate this objection, however, the complaint alleges, not that plaintiff, but that plaintiff’s assignor, the Traction Company, is .ready and willing to transfer to the defendant the other ten shares, upon payment by the defendant to the plaintiff, to whom the company has assigned its claim herein, the amount which is still due. Thus it will be seen that the plaintiff, who is neither the owner nor holder of the bond or stock "which defendant contracted to purchase, brings a suit to ■compel the defendant to specifically perform his contract by paying the amount still due, without being in a position himself to complete the contract, upon defendant’s so paying such amount. It would appear, therefore, that but part of the cause of action has been assigned, and that the Traction Company should have been joined as a party, so that, upon payment by the defendant, the obligations which would then rest upon the company could be fulfilled, or in addition to assigning to plaintiff the right to demand the amount due from defendant, they should have assigned as a part of the cause of action the stock necessary to be delivered to defendant upon payment by him.
For the reason, therefore, that I regard the complaint as insufficient, there should be judgment upon the demurrer in ■defendant’s favor, and with leave to serve an amended complaint, upon payment of costs.
*224 NOTE ON THE RULE THAT A DEMURRER SEARCHES THE RECORD FOR THE FIRST FAULT IN PLEADING.
I. The general rule.—A plaintiff who demurs to an answer, and a defendant who demurs to a reply, challenges scrutiny of his own earlier pleading (case 6). In other words, a demurrer, whenever and by whomsoever interposed, (case 6) reaches back through the whole record, and seizes hold of the first pleading in the antecedent line which is defective in substance (cases 1-5).
In common law practice when the party against whom a demurrer was filed took advantage of this rule to object to his adversary’s earlier pleading, the court usually took up this question first, and if the objection was sustained, declined to consider the sufficiency of the pleading demurred to (cases 7, 8).
If on examination of the objection thus orally raised, the-defect was found to be only in form, not in substance, the question then arose on the written demurrer (case 9).
The reason of the rule is, that thq object of an answer or reply, is to tender an issue of fact which may determine the cause or some part of it. The purpose of a demurrer is to object that the pleading immediately demurred to, does not raise such an issue; in other words, to compel the adverse party to take such issue. But he who does not plead so as to invite an issue, is not entitled to compel his adversary to plead so as to accept it. The counter objection, that the original pleading of the party now demurring does not invite such an issue, is therefore, germane to the question expressly raised by the demurrer; and, indeed, necessarily involved in it, and it would be a waste of time for the court to investigate the one question and disregard the other. The rule is tersely expressed in a line of Indiana cases by saying that a bad answer is good enough for a bad complaint.
In other words, when plaintiff objects that defendant has not sufficiently answered his complaint, it is proper for the court to consider whether plaintiff’s complaint states what requires defendant to appear at the trial.
II. The line of pleadings.—In the application of this rule, it is to be observed that if pleadings are single and entire, the-question is simply which party on the whole record is entitled to judgment (case 1). If the demurrer which raises the question goes only to one series or branch of several, then, of course, the other branches of the record remain to be disposed of before final judgment. Thus, if an answer goes to the entire complaint, and the reply goes to the entire answer, a demurrer to the reply reaches both the answer and the com *225 plaint, and the question is, .which party is entitled to judgment ? But if a complaint contains several causes of action ; and an answer goes to one only, or if it sets up several defenses to each and the reply goes to one defense only, an ultimate demurrer brings under consideration only the series of causes of action and defences of which the pleading demurred to is a part, and the other series remain to be determined before final judgment (cases 11, 12).
At common law, if there were two or more counts in the declaration, one good and one bad, and the plea was to the whole, and plaintiff demurred to the plea, defendant could not prevail by objecting to the bad count, for plaintiff was entitled to prevail on his good count if the plea was demurrable (Ward v. Sackrider, 3 Cai. 263; United States v. White, 2 Hill, 59, 61; s. p., in cáse of several breaches, one of which is well assigned, People v. Russell, 4 Wend. 570).
Under the Codes, the principle thus recognized amounts to this, that on demurrer to one of several defenses to a cause of action, the defendant, may, notwithstanding his other-defenses are on the record, object to the sufficiency of the complaint to constitute a cause of action, or to the jurisdiction of the court over the subject matter of the action. Other-objections are waived by answering and not expressly raising; them.
III. Kind of defect.—At common law the court can only notice, under this rule, defects that would sustain a general' demurrer; that is to say, defects of substance, not merely defects of form (cases 13,14). This principle is clearly in force under the Codes; because answering a pleading is a waiver of any defect in it that might have been taken by demurrer,, except the objection to sufficiency in substance, and to jurisdiction.
IV. Kind of demurrer on which objection can be raised.— It did not, however, at common law, require a general demurrer to make a case for application of the rule. On a special demurrer, the court could go back to substantial defects in an earlier pleading (case 15). This principle has no room for application under the Code, for the only demurrer to an answer is for insufficiency.
V. Equity cases.—The authorities, with scarce an exception, before the Codes, are common law cases. In Beard v. Bowler (U. S. 6 Circ.) 2 Bond, 13, the rule was applied in an equity suit. s. p., Goodyear v. Toby, 6 Blatchf. 130. In the Hew York Chancery the practice did not obtain (cases 16,17).
But the court of appeals very early recognised this common law rule as in force under the Code, and applied it decisively in an important equity case, thus establishing it as the rule of procedure in all classes of cases (cases 18, 19).
*226 V. Duty of appellate court.—The rule applies in an appellate court as well as in the court of first instance. And at common law the rule was regarded as imperative on the court, and might be applied even if the party did not raise the objection (cases 20-22). And even though the court below had held a pleading good on demurrer, and the demurrant had withdrawn his demurrer, and pleaded a rejoinder, a counter demurrer to the rejoinder allowed the appellate court to reach back and condemn the earlier pleading that had been once held good below (case 11).
But a demurrer to a plea in abatement did not entitle the defendant to attack the declaration, the reason assigned being, that such a plea went to the writ, not to the declaration (case 23).

Notes of Gases.

■ 1. United States v. Gumey, 4 Cranch., U. S. 333; affi’g 1 Wash. 446. Common law action on a bond. Marshall, Oh. J., says: “It is a known rule that a demurrer brings all the pleadings before the court; in consequence of which judgment must be rendered against him who committed the first fault; or which will most generally produce the same result, for him, who upon the whole record, shall appear to be entitled to their judgment.”
2. In Townsend v. Jemeson, 7 How. U. S. 706; s. c., 12 Law. Ed. 64, a writ of error was brought to reverse a judgment for plaintiff on •a verdict on the general issue ; and the error assigned was that a .demurrer to a replication had not been first disposed of. The opinion ■of Woodbury, J., was first to the effect that the demurrer might be .presumed to have been waived or disposed of, and the neglect of the .clerk to enter the fact on the record, should not prejudice the judgment. But three judges dissenting, the cause seems to have been disposed of on "the ground that the special plea, to which the replication had been interposed was bad ; and therefore assuming the demurrer to be not waived, the demurrant must fail, because his own earlier pleading was unsufflcient.
3. United States v. Linn, 1 How. U. S. 104; s. c., 11 Law. Ed. 64. Declaration on a bond. After examining the plea of alteration, at much length, and holding it bad, the court say : “ But it is a settled rule that, when the demurrer is to the plea, the court having the whole record before them, will go back to the first error ; and when the demurrer is by the plaintiff his own pleadings must be scrutinised, and the court will notice all exceptions to the declaration that might have been taken on general demurrer.” Declaration thereupon held bad.
4. S. P., Gorman v. Lenox’s Exrs., 15 Pet. 115; s. c., 10 Law. Ed. .680. Common law action on bond.
*227 5. United States v. Arthur, 5 Cranch, 257; s. c., 3 Law. Ed. 94. Debt on bond : declaration did not allege breach of condition. There was no oyer; but the plea was performance of the conditions to a bad ■replication ; Held, that judgment must be given against the defendant, for his plea was bad.
S. P., Sprigg v. Bank of Mt. Pleasant, 10 Pet. 257; s. c., 9 Law. Ed. 416; affi’g 1 McLean, 178. (Common law action on bond.)
6. Davis, J., in Ferguson v. Meredith, 1 Wall. 25; s. c., 17 Law. Ed. 604, 608. (Applying the rule, in an action of assumpsit.)
7. McKeon v. Lane, 1 Hall (Super. Ct.) 319, 324. Here, on demurrer to pleas, the court say : “ Without going into any examination of the defendant’s pleas, we are compelled to decide this demurrer against the plaintiff; the reason being a substantial defect in the declaration.”
8. S. P., Lipe v. Becher, 1 Den. 568, the court saying it is unnecessary to consider the several pleas demurred to, as the defendant is ■entitled to judgment by reason of the defect in the declaration.
S. P., Spencer v. Southarch, 11 Johns. 572, 579; Mathewson v. Weller, 3 Den. 52; Rogers v. Rogers, 1 Hall (Super. Ct.) 391.
9. Allen v. Crofoot, 7 Cow. 46. So held, on demurrer to replication, plaintiff’s objection to the plea being held one going only to matter of form.
11. City of Aurora v. West, 7 Wall. 82; s. c., 19 Law. Ed. 42. Assumpsit; defendant’s demurrer to replications was overruled below, with leave to rejoin to the replications. Defendant withdrew his demurrer, and served a rejoinder, to which plaintiff demurred ; and the demurrer was sustained and plaintiff’s damages were assessed. On error to review the judgment.—Held, that the withdrawal of the defendant’s demurrer to the replications left the question of their sufficiency open; and the appellate court in considering plaintiff’s demurrer to the rejoinder could go back and condemn his replications.
Clifford, J., said’: “ Doubts were entertained at first, whether, inasmuch as the demurrers were abandoned after the replications had been adjudged good, the point was open to the defendants; but the better opinion is that the waiver of the demurrers left the rights of the parties in the same condition as they would have been if the demurrers had never been filed. Conceding that to be the rule, then it is clear that the defendants may go back and attack the sufficiency of the replications, as it is the settled rule of law in this court in respect to demurrers, that although the pleadings demurred to may be bad, the court will nevertheless give judgment against the party whose pleading was first defective in substance.” It was added that defects of form ■could not be noticed.
12. Miller v. Maxwell, 16 Wend. 9, 24. Nelson, Ch. J., here *228 commented on the r,ule that a defendant who had pleaded the general' issue, could not, on demurrer to a special plea accompanying the general issue, object to the declaration ; and held that he may do so if the-defect in the declaration be such that it could not sustain a verdict And to.this extent they qualify the statement in Wheeler v. Curtis, 11, Wend. 653.
Followed in Cooper v. Greeley, 1 Den. 347, 358.
13. Tubbs v. Caswell, 8 Wend. 130 (Ct. of Errors); Comly v. Lockwood, 15 Johns. 187, 190; Delevan v. Stanton, 2 Hall (Super. Ct.) 190, 194; Roberts v. Kelly, Id. 307, 314.
14. But in Smith v. State (Md. 1886), 7 Atl. Rep. 49, a misjoinderof causes of action was held a fatal defect, which might be reached in this way. The court say: “ It is a recognized rule that demurrer-mounts to the first error in pleading, and the court will give judgment against the party whose pleading is first defective in substance (Osceola Tribe, etc. v. Schmidt, 57 Md. 98). Although the question in relation, to the misjoinder of action's does not appear by the record to have been presented and passed upon in the court below, it can be properly considered and determined by this court; for it has been decided that theaot of 1825, c. 117, does not apply to demurrers or motions in arrest of judgment (Charlotte Hall School v. Greenwell, 4 Gill & J. 407). The-demurrer filed by the plaintiff to the defendants’ pleas brought the entire pleadings in the cause under review, and as the plaintiff, by a misjoinder of actions in its declaration, committed the first error in pleading, judgment should have been rendered against it, instead of' against the defendants.” Judgment reversed.
15. Cooke v. Graham’s adm., 3 Cranch, 589; s. c., 2 Law. ed. 420. Debt on a bond, Oyer craved, and variance shown.—Held, that on plaintiff’s special demurrer to a bad rejoinder, the court could give judgment against him for the bad declaration. Marshall, Ch. J., said: “ There were ... a bad declaration, a bad rejoinder, and a special demurrer by the plaintiff to this bad rejoinder. When the whole pleadings are-thus spread upon the record, it is the duty of the court to examine the-whole, and go to the first error. When the special-demurrer is by plaintiff, his own pleadings are to be scrutinized; and the court will, notice what would have been bad on general demurrer.
16. Sperry v. Miller, 2 Barb. Ch. 632, 635. The Chancellor said r “ When the bill shows that the complainant has no right to an answer for any purpose, the proper course for the defendant is to demur. For, upon the argument of a plea to the bill, either as to the discovery or the relief sought by the complainant, the defendant cannot sustain his plea in this court, by showing that the bill itself would have been bad-upon demurrer.”
*229 17. Lawrence v. Pool, 2 Sandf. 540. Mason, J., said : “ That objection to previous pleading on the argument of a demurrer to a subsequent one, had never been allowed in equity.”
18. People v. Booth, 32 N. Y. 397. Action to enjoin defendants from interfering with public property. Plaintiff demurred to defendant’s answer for insufficiency; and had judgment sustaining his demurrer. On appeal, held error, because the complaint was bad. The ground of objection was, that the People had no standing to sue to protect property of the city of New York. Judgment reversed.
19. Jones v. City of Petaluma, 48 Cal. 230. In an action for specific performance, the complaint contained allegations which were •merely matters of evidence, and would have been stricken out on motion, the defendant, however, answered, and attempted to deny some of the probative facts thus alleged. On appeal from a judgment sustaining :a demurrer to the answer,—Held, when the sufficiency of pleadings ■and issues are brought in question, the defendants need not answer immaterial allegations, and if they do both the complaint and answer, .so far as they relate thereto, must be disregarded. Judgment reversed.
20. Utica Ins. Co. v. Scott, 8 Cow. 709, 713. Senator Spence •delivering an opinion in the court of errors, says : “ The rule is rigid, that judgment must be given against the party whose pleading was first defective in substance. To apply this rule we must begin with an examination of the declaration, which has not been objected to, and is believed to be good.”
21. S. P., Central Distr. & Print’g Tel. Co. v. Commonwealth (Pa. 887), 6 Centr. Rep. 151. Error to review judgment on demurrer to •return to mandamus. Gokden, J., says: “ The court necessarily founded its judgment on the insufficiency of the answer; but as, in •considering a demurrer, regard must be had to all the pleadings, and not merely that part of them to which the. demurrer refers, we must, in order to reach a correct result, review the writ, which of course follows the petition.”
22. Contra, in Indiana. Gilbert v. Bahes, Ind. 1886, 7 Northeast. Rep. 257; s. c., 4 West. Rep. 729. Elliott, J., here says : “ Where the answer of the defendant is left standing, he cannot successfully •claim that the court erred in failing, of its own motion, to carry the ■demurrer back to the complaint. Haymond v. Saucer, 84 Ind. 3; Scheible v. Slagle, 89 Id. 323; Stanley v. Northwestern, etc. Ins. Co., 95 Id. 254; City v. Martin, 103 Id. 206 (at 209); [1 West. Rep. 193; 2 Northeast. 596]; Cupp v. Campbell, 103 Id. 213 (at 222); 2 Northeast. 565 ; the rule established by these decisions is this : “ Where a «defendant’s answer is held good on demurrer, he cannot successfully *230 urge on appeal that the court erred in not carrying the demurrer back, to the paragraph of the complaint to which the answer was addressed.”
23. Shaw v. Dutcher, 19 Wend. 216, 222. Plea of rejoinder, i. e,. defect of parties.
To the same effect (Ind. 1886), Indiana, Bloomington, etc., R. Co. v. Foster, 5 West. Rep. 659.
S. P., Bent v. Bent, 43 Vt. 42

 Reported ante, page 217.